CHARTER BANK AND TRUST OF ILLINOIS, Plaintiff-Appellee, v. BEVERLY NOVAK, Defendant-Appellant.

Second District   No. 2—90—1006

Opinion filed September 6, 1991.

Randall K. Erler, of Oakbrook Terrace, for appellant.

Thomas B. Scheck, of Regas, Frezados & Harp, of Chicago, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Beverly Novak, appeals from the denial of her motion to quash service of process in this forcible entry and detainer action instituted by the plaintiff, Charter Bank & Trust of Illinois. We affirm.

The plaintiff filed a complaint in forcible entry and detainer seeking possession of the premises occupied by the defendant. A summons was issued to the defendant on April 24, 1990, and personally served on her on April 25, 1990. On May 25, 1990, the case came up for status report, and the court set the cause for prove up on June 22, 1990.

After two continuances, the prove up was held on July 3, 1990. There, the plaintiff presented the testimony of its president, John Hayes; the defendant did not appear. The court found that the plaintiff was entitled to possession of the premises but stayed the writ until July 10, 1990.

On July 27, 1990, the defendant filed a special and limited appearance contesting the court's jurisdiction over her and a motion to quash the summons served on her. She relied on the allegation that the summons had failed to state a return date for her to appear. The defendant also asserted that because of the defective summons, she was deprived of her day in court. She attached to the motion a copy of the summons served on her. It stated that she should appear before the court at the "Win Knoch Annex, 209 E. Liberty Street, Wheaton, Illinois." The form's blank lines for time, date, and courtroom, however, were not completed. The defendant also stated that she first received notice of the July 3 judgment through a July 5 letter from the plaintiff's attorney.

In her affidavit attached to her motion to quash, the defendant made the following statements: (1) on April 25, 1990, she was personally served with a summons; (2) the summons failed to give a date, time, and courtroom number where she was to appear; (3) upon receipt of the summons, she contacted the Du Page County circuit clerk and was told that the matter was set for courtroom 604 on May 25, 1990; (4) she appeared on May 25, 1990, at the clerk's office and in courtroom 604; "however, during [her] appearance, this case was not called"; and (5) after receiving the letter from the plaintiff's attorney, she immediately contacted her attorney to represent her and file a motion to quash the service of process.

On August 16, 1990, the parties appeared before the court to litigate the motion to quash. The plaintiff argued that the defendant had been served properly and that the summons had been sufficient to advise her what she needed to do to appear and defend. The defendant argued that the lack of date, time, and courtroom information had rendered the summons insufficient to support *in personam* jurisdiction over her in accordance with Supreme Court Rule 101(b) (134 Ill. 2d R. 101(b)).

The court noted that the defendant was served a month prior to the first hearing and that she had learned when and where it was to be held. The court stated:

"[T]he purpose of a summons is to provide notice to a Defendant that legal action of some form *** has been brought against them and that a hearing will be conducted at a certain date, time and place.

All of the information, other than the date, time and place, was provided in the summons that was, indeed, served upon her.

She did inquire through her own efforts the other information needed to come to this courtroom, and she did come here.

I note that *** the general conduct of business in this courtroom is to have *** every day the call posted on the first floor outside the doorway. The call is also here in the courtroom, and the Clerk is available to answer questions.

Although this is an imperfect summons, indeed, upon its face, I believe it achieved its intended purpose of notifying the Defendant that she needed to appear. And she did, indeed, come to this courtroom on the appointed day—morning for the call.

The fact that she did not step forward is something that any summons, even with a proper date and time on it, cannot guarantee. If she didn't step forward, she certainly could have—if she, indeed, didn't hear the case called, she could have stepped forward and alerted the Clerk that she didn't hear the case called."

The court denied the motion to quash. The defendant's timely appeal followed.

■■■■ On appeal, the defendant contends that the summons here was sufficient neither to support the court's personal jurisdiction over her nor to satisfy her due process rights to notice of a hearing prior to deprivation of property. She relies on Supreme Court Rule 101(b)(2)'s provision that, in a forcible entry and detainer action, the summons "shall require each defendant to appear on a day specified in the summons not less than seven or more than 40 days after the issuance of summons." (134 Ill. 2d R. 101(b)(2).) She also correctly notes that proper service of summons is a necessary prerequisite for *in personam* jurisdiction absent a defendant's general appearance before the court. (*State Bank v. Thill* (1986), 113 Ill. 2d 294, 308.) If a defendant has not been served properly and has not appeared to defend in the cause, an order entered against her in the proceeding is

void *ab initio* regardless of whether she had actual knowledge of the proceeding. *Theodorakakis v. Kogut* (1990), 194 Ill. App. 3d 586, 588.

The plaintiff responds that the defects in the summons were minor and, therefore, did not deprive the court of jurisdiction over the defendant. The plaintiff cites several cases in which the court had jurisdiction over the defendant despite technical irregularities in the summons. (*Sidway v. Marshall* (1876), 83 Ill. 438 (the summons stated the plaintiff's name incorrectly); *Chester & Tamaroa Coal & R.R. Co. v. Lickiss* (1874), 72 Ill. 521 (the summons failed to specify the form of the action); and *Thompson v. Turner* (1859), 22 Ill. 389 (the amount in controversy was incorrect).) Finally, the plaintiff argues that the facts of this cause are analogous to those in *Iroquois Furnace Co. v. Wilkin Manufacturing Co.* (1899), 181 Ill. 582. In that case, the notice by publication required the defendant to appear on an impossible date. The supreme court held that there was *in personam* jurisdiction over the defendant because the notice informed the debtor of the action, the identity of the plaintiff, for what amount and before what court, and it required the defendant to appear "within the time limited for his appearance in such case." *Iroquois Furnace*, 181 Ill. at 596.

■ The objectives of service of process are: (1) to notify the defendant of pending litigation and enable him to appear and defend and (2) to vest jurisdiction in the trying court. (*Toland v. Sprague* (1838), 37 U.S. (12 Pet.) 300, 329, 9 L. Ed. 1093, 1105; *In re Marriage of Wilson* (1986), 150 Ill. App. 3d 885, 887; *Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 926.) We evaluate the summons served on the defendant with that purpose in mind. We also adhere to the rule that a court should not elevate form over substance, but should construe a summons liberally. *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 712.

The summons here informed the defendant that the plaintiff filed a forcible entry complaint against her in the circuit court of Du Page County and that the cause would be before the court at the Win Knoch Annex. Under older case law (*Michael v. Mace* (1891), 137 Ill. 485; *Clark v. Marfield* (1875), 77 Ill. 258; and *Iroquois Furnace Co. v. Wilkin Manufacturing Co.* (1899), 181 Ill. 582), we could find that the absence of the exact date and place is not so serious a deficiency as to invalidate the notice. Furthermore, Supreme Court Rule 101 (134 Ill. 2d R. 101) supports the trial court's ruling here.

■ Rule 101 provides two sample forms: one for a summons requiring appearance on a specific date (134 Ill. 2d R. 101(b)(1)) and one for a summons that requires the defendant to appear within 30 days

after service (134 Ill. 2d R. 101(d)). Further, the rule provides that, in a forcible entry and detainer action, the summons "shall require each defendant to appear on a day specified in the summons not less than seven or more than 40 days after the issuance of summons." (134 Ill. 2d R. 101(b)(2).) Rule 101 also provides that "[t]he use of the wrong form of summons shall not affect the jurisdiction of the court." 134 Ill. 2d R. 101(e).

■ By analogy to Rule 101(e), the use of a form without complete date and time information was no barrier to personal jurisdiction over the defendant. Furthermore, we find that there was no due process violation here. We find that, despite its failings, the summons adequately advised the defendant of what she needed to do in order to appear and defend. See Ill. Ann. Stat., ch. 110A, par. 101(e), Historical & Practice Notes, at 98 (Smith-Hurd 1985).

Here the defendant was informed by the summons that she had been named as a defendant in an identified pending litigation. Pursuant to the summons' information, she called the clerk of the court and learned the date, time, and courtroom where she should appear. According to her affidavit, on the correct date for the first hearing the defendant did, in fact, come both to the correct courtroom and to the court clerk's office.

Considering Rule 101(e) and the circumstances here, we find no support for the defendant's contention that the absence of the date, time, and courtroom number on her summons is a sufficient basis to quash the summons. We find, rather, that the summons here, which was both issued and received between 7 and 40 days before the first scheduled hearing date, fulfilled its objective of notifying the defendant of pending litigation so that she was enabled to appear and defend (*Toland v. Sprague* (1838), 37 U.S. (12 Pet.) 300, 329, 9 L. Ed. 1093, 1105; *In re Marriage of Wilson* (1986), 150 Ill. App. 3d 885, 887), and we conclude that the trial court properly denied the defendant's motion to quash the service of process.

The order of the circuit court is affirmed.

Affirmed.

McLAREN and NICKELS, JJ., concur.