# Illinois Official Reports

## Appellate Court

---

*Arch Bay Holdings, LLC-Series 2010B v. Perez*,
**2015 IL App (2d) 141117**

---

| | |
|---|---|
| Appellate Court Caption | ARCH BAY HOLDINGS, LLC-SERIES 2010B, Plaintiff-Appellee, v. ISAIS PEREZ, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Nominee for WMC Mortgage Corporation, UNKNOWN HEIRS AND LEGATEES OF MARIA E. ROMERO DE PEREZ, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, Defendants (Marta E. Romero de Perez, Defendant-Appellant). |
| District & No. | Second District<br>Docket No. 2-14-1117 |
| Filed | November 23, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-CH-5969; the Hon. Robert G. Gibson, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Matthew E. Gurvey, of Law Offices of Matthew E. Gurvey, P.C., of Chicago, for appellant.<br><br>Eleazar E. Calero, of Pierce & Associates, P.C., of Chicago, for appellee. |

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Justices Hutchinson and Zenoff concurred in the judgment and opinion.

## OPINION

¶ 1    In this foreclosure action, defendant, Marta E. Romero de Perez, appeals the dismissal of her petition to quash service filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)). Plaintiff, Arch Bay Holdings, LLC-Series 2010B, failed to name defendant on the face of the summons, but it did name her on an attachment directing that she be served. Defendant contends that, because of the defect in the summons, the judgment of foreclosure against her is void. We reverse and remand.

¶ 2                              I. BACKGROUND

¶ 3    On October 15, 2010, plaintiff filed a complaint for foreclosure against defendant, her husband Isais Perez, and other defendants. Three essentially identical summonses were issued. Each summons was on a form provided by Du Page County. The case caption on each listed "Isais Perez et al." as defendants. A line on which names could be added was left blank. A second page attached to each summons directed that the summons be served on a list of defendants that included both defendant and Isais Perez at the same address. On October 20, 2010, defendant was served by substitute service on her daughter. She does not contend that she was not actually served.

¶ 4    Defendant never appeared. On September 10, 2013, an order of default was entered. Isais Perez then appeared. On January 14, 2014, the property was sold at a judicial sale, and an order approving the sale was entered on February 11, 2014. On July 31, 2014, defendant filed a section 2-1401 petition to quash service, alleging that the foreclosure judgment was void because the summons was defective on its face under Illinois Supreme Court Rule 101(d) (eff. May 30, 2008) in that it failed to name her as a defendant. On October 30, 2014, a hearing was held.

¶ 5    The trial court found that the summons was defective under Rule 101(d). The court discussed cases in which defects in a summons resulted in a lack of personal jurisdiction over a defendant. The court noted, however, that each of the cases presented distinguishing facts. Stating that this was an extremely close case, the court ultimately held that the objective of service of process was met and that the court should not elevate form over substance. Accordingly, the court dismissed the petition. Defendant appeals.

¶ 6                                    II. ANALYSIS

¶ 7        Defendant contends that the summons was fatally defective and resulted in a lack of personal jurisdiction. Plaintiff contends that the summons was sufficient and that any defect did not deprive the court of jurisdiction.

¶ 8        Defendant raised the matter through a section 2-1401 petition. "Section 2-1401 establishes a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days." *People v. Vincent*, 226 Ill. 2d 1, 7 (2007). The purpose of a section 2-1401 petition is to bring to the attention of the trial court facts that, if known at the time of judgment, would have precluded its entry. *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006).

¶ 9        Typically, to be entitled to relief under section 2-1401, the petitioner must set forth specific factual allegations supporting: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting the defense or claim to the trial court in the original action; and (3) due diligence in filing the petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). However, a judgment that is entered without personal jurisdiction over a party is void and can be attacked directly or collaterally at any time. *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 13. Where a petitioner seeks to vacate a final judgment as void, the allegation of voidness "substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002).

¶ 10       "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. "Generally, a judgment rendered without service of process, where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings." *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993, 1001 (1988). Accordingly, a foreclosure judgment entered without service of process is void. *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 12. Where a summons is invalid, service of the same is also without effect. *Schorsch*, 172 Ill. App. 3d at 1001.

¶ 11       In Illinois, the use of summons is governed by statute and supreme court rules. Section 2-201(a) of the Code provides for the issuance of a summons in a civil case and states: "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. *** The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules." 735 ILCS 5/2-201(a) (West 2012).

¶ 12       Illinois Supreme Court Rule 101(a) (eff. May 30, 2008) provides for the form of the summons and states:

          "The summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name. It shall be dated on the date it is issued, shall be directed to each defendant, and shall bear the address and telephone number of the plaintiff or his attorney ***."

¶ 13       Rule 101(d) provides a sample form for the summons, stating that the summons shall be "substantially" in the form provided. Ill. S. Ct. R. 101(d) (eff. May 30, 2008). That form includes a caption that directs "naming all defendants." *Id*. Illinois Supreme Court Rule

131(c) (eff. Jan. 4, 2013), pertaining to pleadings and other documents, provides that, in cases where there are multiple parties, "it is sufficient in entitling documents, *except a summons*, to name the first-named plaintiff and the first-named defendant with the usual indication of other parties." (Emphasis added.)

¶ 14 We have previously found that a summons issued in violation of the statute and the rules is void and results in a lack of personal jurisdiction over the defendant. In doing so, we specifically said that "[t]he procedures for issuance of summons set forth in section 2-201(a) and the supreme court rules must be adhered to in order to give the court personal jurisdiction over a defendant." *Schorsch*, 172 Ill. App. 3d at 1001. Our supreme court has further stated that "a summons which does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned." *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 56 (1937); see also *Theodorakakis v. Kogut*, 194 Ill. App. 3d 586, 588 (1990) (stating the same).

¶ 15 For example, in *Ohio Millers Mutual*, a summons that failed to name approximately 3,000 people on its face was invalid. *Ohio Millers Mutual*, 367 Ill. at 56. In *Schorsch*, the summons was not issued, signed, or dated by the clerk of the court, and thus it was invalid. *Schorsch*, 172 Ill. App. 3d at 1001 (citing *Ohio Millers Mutual*, 367 Ill. at 56). In *Theodorakakis*, the summons was invalid when a trust was designated with the wrong number, even though the body of the complaint contained the correct number. *Theodorakakis*, 194 Ill. App. 3d at 589.

¶ 16 Here, the summons failed to name defendant on its face and thus under *Ohio Millers Mutual* was no summons at all. Plaintiff argues that the language of Rule 101(d) stating that the summons must substantially comply with the model form allows jurisdiction to attach upon substantial compliance. However, the model form requires that the names of all defendants appear in the caption. Here, defendant's name appeared nowhere on the summons. While her name appeared in the attached list of defendants to be served, that was not directed to her. Instead, it was directed to the process server and thus was not part of the summons.

¶ 17 Plaintiff also notes that there is no dispute that defendant was actually served and that defendant was clearly named in the complaint. Relying on *Charter Bank & Trust of Illinois v. Novak*, 218 Ill. App. 3d 548 (1991), plaintiff then argues that the objectives of service of process were met.

¶ 18 In *Novak*, we held that the objectives of service of process are: (1) to notify the defendant of pending litigation and enable him to appear and defend and (2) to vest jurisdiction in the trial court. *Id.* at 552. Adhering to the rule that a court should not elevate form over substance, we held that the use of a form with incomplete time and date information was not a barrier to obtaining personal jurisdiction when, despite its failings, the summons adequately advised the defendant of what she needed to do to appear and defend. *Id*. at 552-53.

¶ 19 Here, the missing name from the face of the summons was a barrier to obtaining personal jurisdiction. *Ohio Millers Mutual* flatly holds that, for a summons to be valid, the defendants' names must appear on its face. Thus, precedent from our supreme court defeats the conclusion that the summons and the complaint may be considered in conjunction or that actual knowledge of the action through a flawed summons will vest the court with jurisdiction. To avoid confusion, jurisdictional rules are most functional when they are unambiguous and straightforward. Rule 101(a) requires that the summons "shall be directed

- 4 -

to each defendant." Ill. S. Ct. R. 101(a) (eff. May 30, 2008). Here, that was not the case, as the summons did not name defendant at all while the attachment that did name her was directed to the process server. As a result, the summons was invalid, and the court was without jurisdiction.

¶ 20                                          III. CONCLUSION

¶ 21        The summons was invalid in that it failed to include defendant's name on its face. Accordingly, the judgment of the circuit court of Du Page County is reversed and the cause is remanded.

¶ 22        Reversed and remanded.