2020 IL App (2d) 190681
No. 2-19-0681
Opinion filed August 27, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-CH-1441 |
| | ) | |
| RITA BENAVIDES; IDERSON CARVAJAL; | ) | |
| GMAC MORTGAGE CORPORATION; | ) | |
| BMO HARRIS BANK, N.A., f/k/a Harris | ) | |
| N.A.; UNKNOWN OWNERS AND | ) | |
| NONRECORD CLAIMANTS; and | ) | |
| UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (U.S. Bank National Association, as Trustee | ) | |
| for the RMAC Trust, Series 2016-CTT, | ) | Honorable |
| Plaintiff-Appellee; Rita Benavides, | ) | James D. Orel, |
| Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.
Justices Jorgensen and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1   Defendant, Rita Benavides, appeals from the trial court's orders denying her motion to

quash service, and her motion to reconsider that denial, following the trial court's entry of a default

judgment on the complaint of plaintiff, Nationstar Mortgage LLC (Nationstar), to foreclosure a

mortgage. Defendant contends that the trial court's interpretation of section 2-201 of the Code of

Civil Procedure (Code) (735 ILCS 5/2-201 (West 2018)) was in error because the issued summons did not comply with Illinois Supreme Court Rule 101 (eff. Jan. 1, 2016). Defendant further contends that the trial court abused its discretion in denying her motion to reconsider. For the reasons that follow, we affirm.

¶ 2                                 I. BACKGROUND

¶ 3       On September 20, 2016, plaintiff,[1] filed a foreclosure complaint against defendant, Rita Benavides (defendant), seeking foreclosure of real estate located at 491 Cheyenne Trail, Carol Stream, Illinois.[2] Plaintiff, through its counsel, prepared and submitted a summons, which was served at the Cheyenne Trail address by leaving a copy of the summons and foreclosure complaint with defendant's son. The summons and complaint were also mailed to defendant on October 13, 2016.

¶ 4       Both the summons left with defendant's son and the copy mailed to her were on a form provided by Du Page County. The case caption on the summons appeared as follows:

"NATIONSTAR MORTGAGE LLC

-vs-

_____

[1] Nationstar was the original plaintiff in the foreclosure action. On August 6, 2018, the trial court entered an order substituting as plaintiff U.S. Bank, National Association not in its individual capacity but solely as trustee for the RMAC Trust Series 2016-CTT.

[2] The foreclosure complaint also named Iderson Carvajal, GMAC Mortgage Corporation, BMO Harris Bank, N.A. f/k/a Harris, N.A., Unknown Owners and Non-Record Claimants, and Unknown Occupants as defendants.

RITA BENAVIDES; IDERSON CARVAJAL; GMAC MORTGAGE CORPORATION; BMO HARRIS BANK, N.A. F/K/A HARRIS, N.A.; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS; UNKNOWN OCCUPANTS"

The summons then relayed the following information:

"To each Defendant:

See Attached Service List

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance in the Office of the Clerk of the Circuit Court, 505 North County Farm Road, Wheaton IL, 60187 within 30 days after service of this summons, not counting the date of service. IF YOU FAIL TO DO SO A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT. YOU ARE FURTHER ADVISED THAT THE TIME IN WHICH THE SUBJECT REAL ESTATE MAY BE REDEEMED FROM FORECLOSURE, PURSUANT TO LAW COMMENCES TO RUN WITH THE SERVICE OF THIS SUMMONS."

Attached to the summons was a service list directed at the process server containing a caption with the above-named litigants. The caption on the service list specifically identifies the parties as "Plaintiff" and "Defendants". Directly under the caption it reads "Please Serve: Rita Benavides, 491 Cheyenne Trail, Carol Stream IL 60188."

¶ 5    On March 29, 2017, plaintiff filed motions for default judgment and sent defendant a notice of motion for an April 10, 2017, court date. On April 10, 2017, the trial court entered a default order and judgment of foreclosure and sale in favor of plaintiff. Plaintiff mailed a copy of the default order to defendant on April 11, 2017. On June 6, 2017, a notice of sale was sent to defendant

informing her that a sheriff sale was scheduled for July 13, 2017. The scheduled sale was adjourned and continued to August 17, 2017, but was subsequently cancelled. On January 4, 2018, another notice of sale was sent to defendant informing her of a sheriff sale scheduled for February 1, 2018. That sheriff sale was also adjourned and continued to March 29, 2018. On February 26, 2018, plaintiff sent defendant notice of the March 29, 2018, sale. Defendant filed a Chapter 7 bankruptcy petition on March 29, 2018, which automatically stayed the sheriff sale scheduled for that day.

¶ 6     On April 20, 2018, the United States bankruptcy judge entered an order modifying the automatic stay and allowed plaintiff to resume the foreclosure. Following a final notice of sale sent to defendant informing her of a sheriff sale scheduled for August 16, 2018, plaintiff successfully purchased the Cheyenne Trail real estate. On September 7, 2018, plaintiff sent defendant a notice of motion for a September 17, 2018, hearing on its motion to confirm the sheriff sale and order an eviction. The trial court entered an order approving the sale and entered an eviction order directing the Sheriff of Du Page County to evict defendant after 30 days. Plaintiff mailed a copy of the trial court's order to defendant on September 21, 2018.

¶ 7     On October 17, 2018, 30 days after the entry of the trial court's order approving sale and eviction, defendant filed a motion to quash service. Relevant here, defendant's motion argued that the original summons she received violated section 2-201(c) of the Code and Illinois Supreme Court Rule 101(d) (eff. Jan. 1, 2016) and, therefore, did not vest the trial court with personal jurisdiction over her.

¶ 8     On February 25, 2019, the trial court held a hearing on defendant's motion to quash service. The trial court denied defendant's motion. On March 20, 2019, defendant filed a motion to reconsider the trial court's February 25, 2019, ruling. Defendant argued that the then-recently filed opinion in *Studentowicz v. Queen's Park Oval Asset Holding Trust*, 2019 IL App (1st) 181182,

supported her position that section 2-201(c) of the Code requires the content of a summons to identify a defendant *as* a defendant on the face of the summons. In denying defendant's motion to reconsider, the trial stated:

> "I don't see a defect here. This defendant was named right on the summons. And it says, see attached service list. I don't think that's a defect. And according to 201(c) *** [i]t says the Court's jurisdiction is not [a]ffected by a technical error in the format of the summons if the summons has been issued by the clerk [of] the court and a personal entity to be served [is] identified as a defendant.
>
> So I think that's been done here. I don't think there's anything new here. I think that the Studentowicz case is easily distinguishable by the fact that the defendant in that case was misidentified. It was not a correct thrust and that was easily distinguishable here."

Defendant then filed this timely appeal.

¶ 9                                    II. ANALYSIS

¶ 10     On appeal, defendant contends that the trial court erred in denying her motion to quash service because it lacked personal jurisdiction over her, as, she argues, the summons issued with plaintiff's complaint for foreclosure was facially defective due to its failure to comply with the strictures of section 2-201(c) of the Code (735 ILCS 5/2-201(c) (West 2018)) and Illinois Supreme Court Rule 101(a) and Rule 101(d) (eff. Jan. 1, 2016). Additionally, defendant contends that the trial court misapplied the law as articulated in *Studentowicz* when it denied her motion to reconsider. We will address each of defendant's contentions in turn.

¶ 11     " 'Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction.' " *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, ¶ 10 (quoting *BAC Home Loans*

*Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18). " 'Generally, a judgment rendered without service of process, where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings.' " *Id.* (quoting *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993, 1001 (1988)). Accordingly, a foreclosure judgment entered without service of process is void. *Id.* Where a summons is invalid, service of the same is also without effect. *Id.* Because the question whether a court had personal jurisdiction is a question of law, our review is *de novo*. *Mugavero v. Kenzler*, 317 Ill. App. 3d 162, 164 (2000).

¶ 12    In Illinois, statutes and supreme court rules govern the use of summons. Section 2-201(a) of the Code provides for the issuance of a summons in a civil case and states:

> "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. *** The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules." 735 ILCS 5/2-201(a) (West 2018).

¶ 13    Illinois Supreme Court Rule 101(a) (eff. Jan. 1, 2016) provides instruction regarding the summons form and states:

> "The summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name. It shall be dated on the date it is issued, shall be directed to each defendant, and shall bear the address and telephone number of the plaintiff or his attorney ***."

Rule 101(d) provides a sample summons form, stating that the summons shall be "substantially" in the form provided. Ill. S. Ct. R. 101(d) (eff. Jan. 1, 2016). That form includes a caption that directs "naming all defendants." *Id.* Illinois Supreme Court Rule 131(c) (eff. Jan. 1, 2016),

pertaining to pleadings and other documents, provides that, in cases where there are multiple parties, "it is sufficient in entitling documents, *except a summons*, to name the first-named plaintiff and the first-named defendant with the usual indication of other parties." (Emphasis added.)

¶ 14   The General Assembly has recently amended Section 2-201 of the Code to add the following subsection (c):

> "(c) A court's jurisdiction is not affected by a technical error in format of a summons if the summons has been issued by a clerk of the court, the person or entity to be served is *identified as a defendant on the summons*, and the summons is properly served. This subsection is declarative of existing law." (Emphasis added.) Pub. Act 100-1048, § 5 (eff. Aug. 23, 2018) (adding 735 ILCS 5/2-201(c)).

The above-emphasized language in section 2-201(c) is the crux of defendant's argument on appeal.

¶ 15   Before going further into defendant's arguments regarding the language of section 2-201(c), we object to her brief's citation of *Seaway Bank & Trust Co. v. Hruza*, 2016 IL App (2d) 150896-U. That order was entered under Illinois Supreme Court Rule 23(b) (eff. July 1, 2011) and, per Illinois Supreme Court Rule 23(e)(1) (eff. July 1, 2011), "is not precedential and may not be cited by any party except to support contentions of double jeopardy, *res judicata*, collateral estoppel or law of the case." Defendant acknowledges as much in a footnote within her brief but claims that *Seaway Bank* is persuasive here and invites us to adopt its reasoning. We decline, but note that *Seaway Bank* follows our holding in *Arch Way Holdings*, which works to her disfavor here.

¶ 16   In *Arch Bay Holdings*, the summons did not identify the defendant but rather identified one other defendant and stated "*et al.*" in the remainder of the caption. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶¶ 3, 19. Citing *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange*

*of the Illinois Automobile Club*, 367 Ill. 44 (1937), we held that the defendant's missing name from the face of the summons was a barrier to obtaining personal jurisdiction. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶¶ 14, 19 ("[A] summons which does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned." (Internal quotation marks omitted.)). The summons did name defendant through an attachment directed to the process server. However, since the name did not appear on the face of the summons, it violated Rule 101(a) and, thus, left the trial court without jurisdiction. *Id.* ¶ 19.

¶ 17    Here, the summons lists defendant's name, Rita Benavides, in the caption. As such, *Arch Bay Holdings* and its progeny,[3] published or otherwise, do not support defendant's contention. Nonetheless, defendant argues that, because the summons did not contain the term "defendant(s)" in the caption containing her name, the summons does not "identif[y] [her] as a defendant" per section 2-201(c) of the Code, and thus violates Rule 101(d). We disagree.

¶ 18    The objectives of service of process are (1) to notify the defendant of pending litigation and enable it to appear and defend and (2) to vest jurisdiction in the trying court. *Charter Bank & Trust of Illinois v. Novak*, 218 Ill. App. 3d 548, 552 (1991). Courts should evaluate the summons served on a defendant accordingly. *Id.* Additionally, courts should not elevate form over substance but should construe a summons liberally. *Id.*

¶ 19    As noted, Rule 101(d) dictates that the summons shall be "substantially" in the form provided. Ill. S. Ct. R. 101(d) (eff. Jan. 1, 2016). Rule 101(d) further states that the summons "shall be prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix." Ill. S. Ct. R. 101(d) (eff. Jan. 1, 2018). In the form provided in

---

[3] *Seaway Bank* contains facts remarkably similar to those in *Arch Bay Holdings*.

the Article II Forms Appendix, "defendants" does appear in the sample caption. See Ill. S. Ct. Art. II Forms Appendix. However, we do not believe that its omission from the summons at issue renders it void for not "substantially adopting the appearance" of the form provided in the Article II Forms Appendix. The real question before us is whether the summons, which stated defendant's name in the caption, "identif[ied] [her] as a defendant" per section 2-201(c) of the Code.

¶ 20     In construing a statute, our primary objective is to ascertain and give effect to the legislature's intent, and the statute's plain language is the most reliable indication of legislative intent. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010). Where the statute's language is clear, we must apply it as written without resort to aids or tools of interpretation. *Id.* We should read the statute as a whole and construe it so that no term is rendered superfluous or meaningless. *Id.* We will not depart from a statute's plain language by reading into the statute exceptions, limitations, or conditions that conflict with the legislative intent. *Id.*

¶ 21     As a practical matter, the term "identify" deserves a dictionary explanation. Collectively, defendant's arguments and the amendment to section 2-201 of the Code do not clearly define the term. "Identify" means "to establish the identity of." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/identify (last visited Aug. 20, 2020) [https://perma.cc/4XM5-R4AN]. "Identity" means "the distinguishing character or personality of an individual." Merriam-Webster Online Dictionary, https://www. merriam-webster.com/dictionary/identity (last visited Aug. 20, 2020) [https://perma.cc/HCC7-JNXC]. Additionally, our research shows that the Right of Publicity Act defines "identity" as "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name, (ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." 765 ILCS 1075/5 (West 2018).

¶ 22    To lend legitimacy to defendant's contention we would need to abandon the assumption that defendant is (1) aware of her own name, (2) aware that she is not a bank or lending institution, and (3) not involved in litigation in which she has adopted the "identity" of a bank or lending institution. We will not make that leap—we assume that defendant is aware of those things. It stands to reason that defendant, upon viewing her name in the summons, could reasonably assume that she is the defendant in pending litigation, thus enabling her to appear and defend against the foreclosure complaint. The summons issued to defendant substantially adopts the appearance and content of the summons form in our supreme court rules. The summons clearly identifies defendant, Rita Benavides, as a defendant in a pending foreclosure action as required by the Code. When the summons was served on defendant, the trial court's jurisdiction vested. Therefore, we reject her contention that the summons was void under the foregoing rules and statutory subsections and find no error in the court's denial of her motion to quash service.[4]

¶ 23    Defendant's remaining contention concerns the trial court's denial of her motion to reconsider. She argues that the court misapplied the law in finding *Studentowicz* distinguishable.

---

[4] Defendant's contention is further belied by the record and by factual assertions in plaintiff's brief. During defendant's continuous failure to appear in the underlying proceedings, she was able to stave off immediate foreclosure following her default because plaintiff attempted to work out a loss mitigation alternative to resolve the foreclosure. Additionally, defendant filed a Chapter 7 bankruptcy petition to further delay the sale of the property. We find it odd that, following her actions to stop the ultimate foreclosure and sale, defendant should claim that the summons failed to notify her of the pending litigation.

¶ 24    A motion to reconsider must bring to the trial court's attention (1) newly discovered evidence, (2) changes in the law, or (3) errors in the court's previous application of existing law. *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 25. We review for an abuse of discretion where the motion to reconsider is based on new evidence, facts, or legal theories not presented in prior proceedings. *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 80. An abuse of discretion occurs only when the court acts so arbitrarily that no reasonable person would take the court's position. *Payne v. Hall*, 2013 IL App (1st) 113519, ¶ 12.

¶ 25    In *Studentowicz*, the trial court quashed service due to the inaccurate name of the defendant listed on the face of the summons. *Studentowicz*, 2019 IL App (1st) 181182, ¶ 1. The defendant's actual name was "Queen's Park Oval Asset Holding Trust," while the summons identified the defendant as "Queens Park," a nonexistent entity. *Id.* ¶¶ 2, 5. The *Studentowicz* court held that, because the defendant's full name was not disclosed on the face of the summons, the summons was defective as a matter of law. *Id.* ¶ 17.

¶ 26    Unlike in *Studentowicz*, the summons issued to defendant in the present case identifies her by her first and last name, Rita Benavides. There is nothing in the record or the briefs suggesting that defendant's name in the summons was incomplete or otherwise lacking. A court should not elevate form over substance but should construe a summons liberally. *Id.* ¶ 10 (citing *Novak*, 218 Ill. App. 3d at 552). The summons issued to defendant complied with Rule 101(a). The summons substantially adopted the appearance of the form provided in the Article II Forms Appendix under Rule 101(d). The lack of the word "defendant" on the summons does not fail to identify defendant under section 2-201(c) of the Code when her full name was listed on the face of the summons. The summons, as liberally construed, vested the trial court with jurisdiction. The court did not abuse its discretion in denying defendant's motion to reconsider.

¶ 27    With the foregoing analysis in mind, we feel it necessary to comment on the importance of strict compliance with the form provided in the Article II Forms Appendix. As noted above, Rule 101(d) states that the summons "shall be prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix." Ill. S. Ct. R. 101(d) (eff. Jan. 1, 2018). Strict compliance with the appearance and content of the provided form takes minimal additional effort. This is especially true when the complainant is a bank or financial institution seeking to foreclose upon the home of a mortgagor. Although these comments do not affect our ultimate disposition, we stress that strict compliance with the provided form takes all mystery out of the purpose of the summons and greatly enhances judicial economy for both the parties and the court.

¶ 28                           III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 30    Affirmed.

**No. 2-19-0681**

| | |
|---|---|
| **Cite as:** | *U.S. Bank National Ass'n v. Benavides*, 2020 IL App (2d) 190681 |
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 16-CH-1441; the Hon. James D. Orel, Judge, presiding. |
| **Attorneys for Appellant:** | Giovanni Raimondi, of RAI Law, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Joseph M. Herbas, of Shapiro Kreisman & Associates, LLC, of Chicago, for appellee. |