2020 IL App (2d) 190811
No. 2-19-0811
Order filed October 1, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MB FINANCIAL BANK, N.A. | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-CH-1830 |
| | ) | |
| ISMAEL BONILLA AND IDUBINA | ) | |
| BONILLA; UNKNOWN OWNERS; AND | ) | |
| NONRECORD CLAIMANTS | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (JWS Loans LLC, assignee of MB Financial | ) | Honorable |
| Bank, N.A., Plaintiff-Appellee; Idubina | ) | Robert W. Rohm, |
| Bonilla, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Presiding Justice Birkett and Justice Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not abuse its discretion in granting plaintiff's 2-1301 motion to vacate default judgment by finding the *vacatur* was supported by the interest of substantial justice and plaintiff's meritorious defenses. The record supports affirmance of the trial court's dismissal of defendant's 2-1401 petition to quash service.

¶ 2 On August 4, 2009, the trial court entered an order of default against Ismael and Idubina Bonilla (collectively "the Bonillas") for failure to appear following service of summons on plaintiff's foreclosure complaint. The trial court entered a judgment of foreclosure and sale, and the subject property was sold on November 20, 2009, through a sheriff's sale. Idubina filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-1401 (West 2016)) to quash service on March 20, 2017, and a motion for default judgment against plaintiff on February 4, 2019. The trial court granted plaintiff's motion to vacate default judgment pursuant to section 2-1301 of the Code (735 ILCS 5/2-1301)) and ultimately granted plaintiff's motion to dismiss Idubina's 2-1401 petition. Idubina appeals. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4 On April 6, 2009, MB Financial Bank, N.A. filed a complaint to foreclose the mortgage against Ismael Bonilla, Idubina Bonilla, and unknown owners and nonrecord claimants following default on a promissory note executed by Ismael concerning a residential property in Woodridge. The summons was issued by the clerk of the court for Du Page county and identified "Ismael Bonilla; et al." as the defendants in the summons' caption. On April 8, 2009, the summons and complaint were served on Idubina at an address in Addison by a Du Page County Sheriff's Deputy. On July 23, 2009, JWS Loans, LLC (JWS) was substituted as the party-plaintiff in the foreclosure action.

¶ 5 On August 4, 2009, an order of default was entered against the Bonillas for failure to appear or answer the foreclosure complaint. The trial court then entered a judgment of foreclosure and sale. On August 21, 2009, the judgment of foreclosure and sale was amended by the trial court to

reflect the Bonilla's wavier of redemption rights in the subject property. Additionally, the trial court entered an order appointing JWS as mortgagee in possession of the subject property.

¶ 6    Adding to an eventful August 21, 2009, the Bonillas filed a complaint for forcible entry and detainer in Du Page County against the then-tenants of the subject property seeking possession of the property and unpaid rents. On September 30, 2009, the court awarded the Bonillas possession and $6500. The Bonillas and JWS entered an agreed order in which all future rents from the subject property would be paid to JWS. Additionally, the agreed order vacated the award to the Bonillas for possession of the subject property as they had no authority to seek such an order in their favor.

¶ 7    On December 15, 2009, a sheriff's sale of the subject property was conducted with JWS as the successful bidder. The trial court entered an order approving the sale on January 12, 2010. The Bonillas filed a Chapter 7 bankruptcy petition in the Northern District of Illinois on April 10, 2010. Neither the subject property, nor any related cause of action, was included among the Bonillas' scheduled assets. On October 15, 2010, the Bonillas received a discharge of $1,177,300 in debt and the bankruptcy was closed on October 18, 2010.

¶ 8    On August 3, 2010, JWS executed and delivered a quit claim deed conveying the subject property to JWS Loans Special Assets LLC. The subject property was purchased by its current owners, Miriam Benedito, Krizelle Benedito, and Tahza Benedito (collectively "the current owners") on January 19, 2011. The current owners were unaware of any defects in the foreclosure action between JWS and the Bonillas at the time of the purchase. Title was conveyed to the current owners by special warranty deed.

¶ 9    On March 20, 2017, Idubina filed a petition to quash service against JWS, MB Financial Bank, and the current owners pursuant to section 2-1401 of the Code. The petition alleged that the

issued summons in the foreclosure complaint failed to specifically name Idubina as a defendant on its face. She argued that the failure to include her name on the summons compelled the trial court to vacate all orders in the foreclosure action as void *ab initio*. Additionally, Idubina's petition sought the Bonillas' restoration of possession to the subject property. On September 15, 2017, Idubina filed an amended petition to quash service pursuant to section 2-1401 of the Code, but this time only naming MB Financial Bank and JWS as respondents. The amended petition did not list restoration of possession to the subject property as a prayer for relief. JWS, MB Financial Bank, and the current owners filed a combined motion to dismiss Idubina's amended petition pursuant to section 2-619.1 of the Code. 735 ILCS 5/2-619.1 (West 2018). Their motion argued, amongst other things, that the doctrine of *laches* applied to Idubina's section 2-1401 petition to quash service.

¶ 10    On November 1, 2018, the trial court entered an order granting the current owners' motion to dismiss. In its written order, the trial court stated that "[t]he doctrine of *laches* applies to 2-1401 proceedings" and that "[t]here has been an unreasonable dely on the part of [Idubina] and [the current owners] have been prejudiced as a result." However, even though the trial court dismissed Idubina's petition, with prejudice, as to the current owners, it stated in its written order that "the petition remains pending against [JWS] and [MB Financial Bank]. The court makes no finding as to the applicability of *laches* as a defense for those parties."

¶ 11    On February 4, 2019, Idubina filed a motion for an order of default against JWS and MB Financial Bank following their failure to respond to her amended motion to quash service. In addition to the default order, the motion sought "monetary restitution equal to the amount the [subject property] was sold for" by JWS.  Her motion was granted on February 13, 2019, and set

for a prove-up hearing. On March 15, 2019, JWS and MB Financial Bank filed a motion to vacate the default order pursuant to section 2-1301 of the Code.

¶ 12    The trial court granted JWS and MB Financial Bank's motion on June 12, 2019. In granting the motion, the trial court stated that the "[b]est interest of justice will be served by *** vacating the judgment and requiring [Idubina] to prove up [her] case on the merits. Further, the trial court found "due diligence in bringing the motion. I find meritorious defenses, even though it's not required for a [2-1301] petition." The trial court further stated that made its considerations in "determining whether the best interest of justice would be served by vacating the default."

¶ 13    On July 10, 2019, JWS filed a motion to dismiss Idubina's section 2-1401 petition pursuant to section 2-619(a)(9) of the Code. The motion argued that (1) the summons adhered to the strictures of section 2-201(c) of the Code (735 ILCS5/2-201(c) (West 2018)); (2) the doctrine of *laches* applied to Idubina's petition; and (3) that the amended petition, pursuant to section 2-615 of the Code, failed to state a claim for which relief could be granted. MB Financial Bank filed its own motion to dismiss Idubina's petition wherein it adopted the same arguments and assertions as those contained in the JWS motion. MB Financial Bank added an argument pursuant to section 2-619(a)(9) of the Code that Idubina could not maintain a claim against it because all interest in the underlying mortgage and promissory note had been assigned to JWS in 2009.

¶ 14    Following briefing and a hearing on August 19, 2019, the trial court entered an order granting both JWS and MB Financial Bank's motions to dismiss Idubina's section 2-1401 petition.[1] In granting MB Financial Bank's motion, the trial court stated that "MB Financial has

---

[1] The report of proceedings from this date was not included with the record on appeal. However, the trial court's written order entered following the conclusion of that hearing is

no interest in this proceeding due to the substitution of JWS Loans, LLC as assignee." As to JWS's motion, the trial court found that "although the summons is technically deficient, service on Idubina Bonilla was proper and 735 ILCS 5/2-201(c) applies." The court specifically noted that it did not reach the *laches* argument.

¶ 15    Idubina timely appealed.

¶ 16                                   II. ANALYSIS

¶ 17    Idubina's appeal presents essentially two issues for review. First, she contends that the trial court abused its discretion in granting JWS's motion to vacate the default order pursuant to section 2-1301 of the Code. Second, Idubina contends that the trial court erred in finding the summons in compliance with section 2-201(c) of the Code as, she argues, strict compliance with statutes governing service of process is required. We address each of these contentions in turn.

¶ 18    Regarding her first contention in this appeal, Idubina asserts the trial court erred when it granted JWS's section 2-1301 motion to vacate. She argues that the trial court could not have properly exercised sound discretion because it was not presented any facts or arguments in the motion that supported granting it. Idubina claims that JWS did not represent that the motion to vacate was "based on the law change or the confirmation of existing law in [section 2-201(c) of the Code] providing summonses and face of the summons indicating a name" until the June 12, 2019, hearing on the motion. As JWS's section 2-1301 motion to vacate only stated that it sought a further "extension of time to investigate the allegations contained in the 2-1401 petition and answer or otherwise plead to plaintiff's 2-1401 petition," Idubina argued that JWS's argument concerning section 2-201(c) at the June 12 hearing was "an unsupported surprise."

---

sufficient for the purposes of resolving Idubina's present appeal.

¶ 19    Section 2-1301(e) of the Code provides:

"The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." 735 ILCS 5/2-1301(e) (West 2018).

There is a liberal policy regarding vacating default judgments under section 2-1301(e). *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 16. The overriding consideration in ruling on such a motion is whether substantial justice has been done between the litigants and whether it is reasonable to compel the other party to go to trial on the merits. *Id.* In determining whether substantial justice will be achieved, considerations can include a party's diligence or lack thereof, whether the party has a meritorious defense, the severity of the resulting penalty, and the relative hardships on the parties. *Draper & Kramer, Inc., v. King*, 2014 IL App (1st) 132073, ¶ 23. "Although relevant, the party need not necessarily show a meritorious defense and a reasonable excuse for failing to timely assert such defense." *McCluskey*, 2013 IL 115469, ¶ 16. The appropriate considerations depend on the facts of each case. *Id.* Whether to grant or deny a motion to vacate a default judgment is within the trial court's sound discretion, and we will not reverse a court's ruling unless it has abused its discretion. 735 ILCS 5/2-1301(e) (West 2018); *Godfrey Healthcare & Rehabilitation Center, LLC v. Toigo*, 2019 IL App (5th) 170473 ¶ 38. A trial court abuses its discretion only where no reasonable person would take the trial court's view, meaning that the trial court acted arbitrarily or ignored recognized principles of law. *Glover v. Fitch*, 2015 IL App (1st) 130827, ¶ 29

¶ 20    While it is true that JWS did not present a meritorious defense to Idubina's petition until the June 12 hearing, the trial court's finding of due diligence and that the "[b]est interest of justice

will be served by \*\*\* vacating the judgment and requiring [Idubina] to prove up [her] case on the merits" cannot be considered an abuse of discretion based on the history of this case. A finding to the contrary would support the notion that the best interest of justice is served by quashing service on the summons issued to the Bonillas in 2009, vacating all orders in the underlying foreclosure action as void *ab initio*, and awarding monetary damages to Idubina for failure to list her name on the face of a 10-year-old summons. As the trial court dismissed her 2-1401 petition as to the current owners, possession of the subject property is impossible and monetary damages against JWS is her only purported recourse for the improper summons. We cannot agree with Idubina's contention as to this issue. The best interest of justice was served by the trial court's *vacatur* of the default order against JWS, requiring Idubina to prove up her case on the merits, even if JWS did not present meritorious defenses until the June 12 hearing. See *McCluskey*, 2013 IL 115469, ¶ 16. The trial court did not abuse its discretion in granting JWS's 2-1301 motion to vacate.

¶ 21    We now move to the crux of this appeal, Idubina's contention that the trial court erred in granting JWS's motion to dismiss her 2-1401 petition by finding the summons in compliance with section 2-201(c) of the Code.

¶ 22    "A motion to dismiss, pursuant to section 2–619 of the Code, admits the legal sufficiency of the complaint, but asserts an affirmative defense or other matter that avoids or defeats the claim." *Trzop v. Hudson*, 2015 IL App (1st) 150419, ¶ 63. "For a section 2–619 dismissal, our standard of review is *de novo*." *Trzop*, 2015 IL App (1st) 150419, ¶ 63. "Under the *de novo* standard of review, this court owes no deference to the trial court." *Id*.

¶ 23    Specifically, where, as here, a voidness challenge is brought more than 30 days after a default judgment, it may be considered under section 2-1401.  See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104-05 (2002).  Further, a section 2-1401 petition alleging that the

underlying judgment was void is not subject to the time, due-diligence, or meritorious-defense requirements applicable to other section 2-1401 petitions. *Id*. at 104.

¶ 24    In Illinois, the use of summons is governed by statute and supreme court rules. Section 2–201(a) of the Code provides for the issuance of a summons in a civil case and states:

> "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. *** The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules." 735 ILCS 5/2–201(a) (West 2018).

¶ 25    Illinois Supreme Court Rule 101(a) provides for the form of the summons and states:

> "The summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name. It shall be dated on the date it is issued, shall be directed to each defendant, and shall bear the address and telephone number of the plaintiff or his attorney ***." Ill.S.Ct. R. 101(a).

Rule 101(d) provides a sample form for the summons, stating that the summons shall be "substantially" in the form provided. Ill. S.Ct. R. 101(d). That form includes a caption that directs "naming all defendants." *Id.* Illinois Supreme Court Rule 131(c) (eff. Jan. 1, 2016), pertaining to pleadings and other documents, provides that, in cases where there are multiple parties, "it is sufficient in entitling documents, *except a summons,* to name the first-named plaintiff and the first-named defendant with the usual indication of other parties." (Emphasis added.)

¶ 26    Section 2-201of the Code has been recently amended by the General Assembly by adding the following subsection (c):

> "(c) A court's jurisdiction is not affected by a technical error in format of a summons if the summons has been issued by a clerk of the court, the person or entity to be served is

*identified as a defendant on the summons*, and the summons is properly served. This subsection is declarative of existing law." (Emphasis added.) Pub. Act 100-1048, § 5 (eff. Aug. 23, 2018) (amending 735 ILCS 5/2-201).

¶ 27    In *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, the summons issued to the defendant identified the first defendant and stated only "et al." in the remainder of the caption. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 19. Citing *Ohio Miller Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44 (1937), this court in *Arch Bay Holdings* found that the defendant's missing name from the face of the summons was a barrier to obtaining personal jurisdiction. *Arch Bay Holdings*, ¶ 19 ("[A] summons which does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned"). The summons at issue in *Arch Bay Holdings* did name defendant through an attachment directed to the process server, but its lack of appearance on the face of the summons was in contradiction to Rule 101(a) and, thus, invalid, leaving the trial court without jurisdiction. *Id*.

¶ 28    Returning to the present appeal, per this court's holding in *Arch Bay Holdings*, the summons issued by the clerk of the court for Du Page county that identified "Ismael Bonilla; et al." as the defendants in the summons's caption was insufficient and, thus, invalid as to the trial court's jurisdiction over Idubina. As such, the trial court's finding that service of the summons to Idubina was proper under the auspices of section 2-201(c) of the Code was in error. However, this does not end our analysis Idubina's contention.

¶ 29    Under section 2-1401, the petitioner bears the burden of establishing his or her right to relief. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 221 (1986). When a section 2-1401 petition advances a purely legal challenge to a judgment by alleging that the judgment is void, as here, we review

the trial court's ruling on the petition *de novo*. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. When the trial court dismisses a petition, we review the trial court's judgment, not its rationale, and may affirm for any reason supported by the record regardless of the reasons cited by the trial court. *U.S. Bank v. Laskowski*, 2019 IL App (1st) 181627, ¶ 15.

¶ 30    In its motion to dismiss Idubina's 2-1401 petition, JWS asserted that the petition should be dismissed on the doctrine of *laches*. In the written motion granting JWS's motion to dismiss based on adherence to section 2-201(c) of the Code, the trial court specifically noted that it did not reach the *laches* argument. This court will reach the argument here.

¶ 31    *Laches* is an affirmative defense that is equitable, and it requires the party raising it to show that there was an unreasonable delay in bringing an action and that the delay caused prejudice. *U.S. Bank National Association v. Rahman*, 2016 IL App (2d) 150040, ¶ 44.  In our recent opinion in *PNC Bank, National Association v. Kusmierz*, 2020 IL App (2d) 190521, we had occasion to examine the dismissal of a 2-1401 petition based on the doctrine of laches under facts very similar to those in the present appeal.

¶ 32    In *Kusmierz*, the bank-plaintiff filed a foreclosure complaint against defendants in March 2011, which ultimately resulted in a default judgment against defendants, and the property sold through judicial sale in February 2012. *Kusmierz*, 2020 IL App (2d) 190521, ¶ 1. In 2013, the property was purchased. *Id*. ¶ 11. Approximately six years after the default judgment and judicial sale of the property, defendants filed a section 2-1401 petition arguing improper service in violation of section 2-202(a) of the Code (735 ILCS 5/2-202(a) (West 2016). *Id*. ¶ 9. The bank filed a motion to dismiss under section 2-619 arguing that defendants' 2-1401 petition was barred by the doctrine of *laches*. *Id.* ¶ 10. We agreed.

¶ 33    In affirming the trial court's dismissal of the *Kusmierz* defendants' petition, we agreed with the plaintiff bank that there was an unreasonable delay in defendants' petition and that the delay caused prejudice. *Id.* ¶ 33. To wit, this court held that

"For six years, [defendants] did nothing to protect their rights in the property and, had they participated in court proceedings, they might have earlier discovered the alleged defect in service. Again, they do not dispute receiving service or that constructive notice of the property sale, via the recording of deeds and the purchasers' payment of real estate taxes, would impute knowledge upon them. Nevertheless, they did not bring this cause of action until six years and two transfers of title later. To permit relief against the Bank at this juncture and under these circumstances would be inequitable, as the Bank has no ability to recover the property and, depending on statutes-of-limitations issues, might have no recourse against other parties or counsel. Further, nothing suggests that defendants' delay in bringing this action was reasonable. Accordingly, providing relief to defendants, despite their unreasonable delay in seeking relief, would prejudice the Bank." *Id.*

¶ 34    In the present case, the Bonillas were served with process on April 8, 2009. Idubina does not dispute that she had knowledge of the foreclosure action; indeed the Bonillas participated in the proceedings insofar as waiving their redemption rights and agreeing to vacate their right to possession and future rents following their forcible entry and detainer suit against the then-current renters of the subject property. The Bonillas further acknowledged in that order that they had no authority to seek possession of the property against JWS as mortgagee in possession due to the foreclosure action. Idubina then waited almost eight years after the filing of the foreclosure action to file the 2-1401 petition at issue in this appeal. We find these facts indicative of an unreasonable delay in bringing that action.

¶ 35    Additionally, JWS was prejudiced by Idubina's delay in filing her petition. The trial court ordered JWS mortgagee in possession on September 25, 2009. As mortgagee in possession, JWS was required to take on all burdens of physical possession of the property. See 735 ILCS 5/15-1701 (West 2018).  JWS executed and delivered a quit claim deed conveying the subject property to JWS Loans Special Assets LLC and it was subsequently purchased by its current owners on January 19, 2011.  Our supreme court has held that "we may consider that a party is guilty of *laches* which ordinarily bars the enforcement of his right where he remains passive while an adverse claimant incurs risk, enters into obligations, or makes expenditures for improvements or taxes." *Pyle v. Ferrell*, 12 Ill. 2d 547, 555 (1958). Idubina remained inactive while JWS took on all risk related to the subject property until its ultimate sale to the current owners. Allowing her to benefit from nearly eight years of inaction at this point would offend any sense of equity contemplated by the jurisprudence examined by this court in resolving the present appeal.

¶ 36    Based on this court's holding in *Kusmierz* and the remarkably similar facts of the case-at-bar, we hold that although the trial court erred in finding the issued summons in harmony with section 2-201(c) of the Code, Idubina's 2-1401 petition, styled as a motion to quash service, is barred by the affirmative defense of *laches* raised in JWS's motion to dismiss said petition.

¶ 37                                    III. CONCLUSION

¶ 38    For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 39    Affirmed.