2020 IL App (2d) 190774
No. 2-19-0774
Opinion filed December 30, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| OCWEN LOAN SERVICING, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 2010-CH-1529 |
| | ) | |
| GUADALUPE DeGOMEZ, AUGUSTIN | ) | |
| OLEA, TERESA TRUJILLO, ERIC | ) | |
| GOMEZ, UNKNOWN OWNERS, and | ) | |
| NONRECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Guadalupe DeGomez and Teresa Trujillo, | ) | Bonnie M. Wheaton, |
| Defendants-Appellants). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1    In March 2010, plaintiff, Ocwen Loan Servicing, LLC (Ocwen), filed a foreclosure action against defendants, Guadalupe DeGomez and Teresa Trujillo, concerning a property in Wood Dale. Defendants were served. In June 2010, the court entered a default judgment of foreclosure and the property was sold through a sheriff's sale. The court confirmed the report of sale. In June 2011, Diana Bahena and Salvador Bahena (the purchasers) purchased the property.

¶ 2　　In September 2018, more than eight years after the filing of the foreclosure action, defendants filed a petition for relief from void judgment, seeking to vacate the judgment of foreclosure and sale, pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2018)). They argued that all orders entered against them in the foreclosure action were void because defendants were not properly named on the summons and, therefore, the court lacked personal jurisdiction over them. Ocwen moved to dismiss the petition, pursuant to section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2018)). The trial court granted Ocwen's motion. Defendants appeal. For the following reasons, we affirm.

¶ 3　　　　　　　　　　　　　I. BACKGROUND

¶ 4　　On March 17, 2010, Ocwen filed a foreclosure complaint against defendants. The property was commonly known as 407 Itasca Road, Wood Dale, Illinois, 60191. Ocwen named defendants in the complaint as owners and mortgagors of the property. Ocwen served its complaint through a summons bearing a caption reading in its entirety: Ocwen Loan Servicing, LLC vs. Guadalupe DeGomez, *et al*." Attached to the summons was a page stating, in relevant part:

>　　　　"PLEASE SERVE THE FOLLOWING DEFENDANTS AT THE FOLLOWING
>　　ADDRESSES:
>
>　　　　Guadalupe DeGomez; 407 Itasca Road; Wood Dale, IL 60191 - DU
>
>　　　　Teresa Trujillo; 407 Itasca Road; Wood Dale, IL 60191—DU
>
>　　　　Teresa Trujillo; 13 School St; Addison, IL 60101—DU"

¶ 5　　On March 21 and March 30, 2010, Trujillo and DeGomez, respectively, were served with the summons and the complaint. On June 29, 2010, the trial court entered a default judgment against defendants for, *inter alios*, failure to appear or plead and entered a judgment of foreclosure. The property was sold at a judicial sale to Federal Home Loan Corporation (Federal Home). On

October 22, 2010, the court entered an order confirming the judicial sale. On June 6, 2011, Federal Home executed and delivered a special warranty deed transferring title to the property to the purchasers. On the same day, a mortgage from the purchasers to Mortgage Electronic Registration Systems (MERS) was recorded. On February 27, 2013, a mortgage from the purchasers to MERS was recorded. On March 1, 2013, a satisfaction of mortgage from MERS to the purchasers was recorded.

¶ 6    On September 27, 2018, defendants filed their petition to vacate the judgment of foreclosure and sale, pursuant to section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2018)), against Ocwen, MERS, and the purchasers. Defendants argued that the judgment was void because the court did not acquire personal jurisdiction over them, since the summons did not identify them as defendants, was not directed to anyone, and did not contain Trujillo's name. Defendants also alleged that the lack of jurisdiction was apparent on the face of the record. Defendants asked the court to, *inter alia*, (1) quash service for defendants; (2) vacate all orders and judgments entered in the case as void *ab initio*; (3) find that the lack of personal jurisdiction was apparent on the face of the record; (4) find that defendants are the owners of the property; (5) restore possession of the property and order Ocwen, the current occupants, Federal Home, and the purchasers to pay restitution for reasonable use and occupancy of the property from November 2010, through and including the date defendants are restored to; (6) order Ocwen, the current occupants, Federal Home, the purchasers, and MERS to pay defendants as restitution all profits they derived from the property; and (7) stay further proceedings until all restitution is made to defendants.

¶ 7    Ocwen filed a combined motion to dismiss pursuant to section 2-619.1 of the Code (*id.* § 2-619.1), arguing that (1) defendants' petition was deficient in that it failed to plead sufficient

facts to support the petition, failed to identify which Illinois Supreme Court Rules the summons allegedly violated, contained vague and conclusory allegations, and failed to attach the summons upon which the petition was based; (2) the summons was legally sufficient to confer personal jurisdiction; (3) defendants' petition was moot because (a) defendants failed to establish that they had any current rights or interest in the property and (b) under section 2-1401(e) of the Code (*id.* § 2-1401(e)), there was no jurisdictional defect on the face of the record to support displacing the *bona fide* purchasers; and (4) the foreclosure action remained effective against the remaining parties even if jurisdiction had not been established for defendants.

¶ 8    MERS also filed a combined motion to dismiss pursuant to a section 2-619.1 of the Code (*id* § 2-619.1), arguing that (1) the summons served in the foreclosure action was sufficient to afford personal jurisdiction over defendants, (2) MERS was entitled to the protections of section 2-1401(e) of the Code as a *bona fide* purchaser, (3) *laches* barred defendants' claim, and (4) the petition requested improper relief.

¶ 9    On May 30, 2019, pursuant to a settlement, the trial court entered an order dismissing defendants' petition with prejudice as to the purchasers and MERS and quieting title to the property in the purchasers subject only to MERS's mortgage lien. The trial court then ordered briefing on the issue of mootness.

¶ 10    Defendants filed their memorandum of law regarding mootness. Ocwen filed its response arguing that defendants' petition was moot and that it was barred by *laches*. Defendants replied, noting that Ocwen inappropriately raised the affirmative defense of *laches* for the first time in its response.

¶ 11    On August 8, 2019, during the hearing on defendants' petition, defendants stated that the only relief they sought against Ocwen was restitution in the form of money damages. The court

noted that Ocwen raised the defense of *laches* in its motion to dismiss and invited defendants to motion up an evidentiary hearing regarding "why it took ten years for them to assert their right to the detriment of Ocwen." Defendants' counsel replied, "I don't have the authority one way or the other, so, if the order is what seems to be that *laches* bars this, if [defendants] want to bring an evidentiary hearing, I think within 30 days they can bring a motion."

¶ 12    The trial court then dismissed defendants' petition with prejudice as to Ocwen. The court stated that, due to defendants' settlement with the purchasers, defendants' petition was moot as to Ocwen regarding the following relief sought by defendants: possession, use, and occupancy of the property. The court also found that *laches* barred defendants' remaining requests for relief. The court stated that its order was final with no just reason to delay appeal. On September 6, 2019, defendants filed a timely notice of appeal.

¶ 13                                      II. ANALYSIS

¶ 14                                  A. Standard of Review

¶ 15    Defendants appeal the dismissal of their petition. For the following reasons, we conclude that dismissal was proper under section 2-619(a)(9) of the Code, which permits dismissal of an action where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2018). We review *de novo* the dismissal of a complaint pursuant to section 2-619(a)(9). *McIntosh v. Walgreens Boots Alliance, Inc.*, 2019 IL 123626, ¶ 17. We also review *de novo* a judgment on a section 2-1401 petition claiming voidness due to a lack of personal jurisdiction. *Deutsche Bank National Trust Co. v. Hall-Pilate*, 2011 IL App (1st) 102632, ¶ 12.

¶ 16                                  B. Dismissal of Petition

¶ 17    Defendants argue that the trial court lacked personal jurisdiction over them in the foreclosure action and erred by dismissing their petition to vacate." Defendants contend that the summons violated Illinois Supreme Court Rules because it did not name Trujillo on its face and did not direct the summons to defendants. Therefore, according to defendants, the resulting judgments were void and the trial court erred by dismissing their petition, because *laches* does not apply to petitions to vacate void judgments.

¶ 18    Supreme Court Rule 101(a) requires, in part, that a summons "be directed to each defendant." Ill. S. Ct. R. 101(a) (eff. July 17, 2020). Our supreme court has further stated that "a summons which does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned." *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 56 (1937). In *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, ¶ 19, we held that a summons that failed to list a defendant on its face was fatally defective.

¶ 19    Here, as to DeGomez, defendants argue that the summons was invalid because following the line "To each Defendant:" she was not named. The record clearly shows that the summons was proper as to DeGomez.

¶ 20    A summons issued in violation of the statute and the rules is void and results in a lack of personal jurisdiction over the defendant. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 14. However, the purpose of a summons is to "notify a party that an action has been commenced against him." *In re Application of the County Treasurer & ex officio County Collector*, 307 Ill. App. 3d 350, 355 (1999). In determining whether a summons was sufficient to provide the opposing party with notice of the action, "we adhere to the principle that a court should not elevate form over substance but should construe a summons liberally." *Id.*

¶ 21    To determine whether the alleged technical defects in the summons were so severe as to preclude the court from obtaining personal jurisdiction over DeGomez, we must place substance over form and ask whether the summons adequately notified DeGomez that an action had been commenced against her. *MI Management, LLC v. Proteus Holdings, LLC*, 2018 IL App (1st) 160972, ¶ 54. We determine that the summons served that function. At the outset, we note that defendants have not explained how any of the alleged defects frustrated her ability to understand that Ocwen had instituted foreclosure proceedings against her or what DeGomez needed to do to prepare and defend herself. It is difficult to imagine how the caption on the summons, stating "OCWEN LOAN SERVICING, LLC, vs. GUADALUPE DEGOMEZ, ET AL," could have possibly prevented DeGomez from understanding the meaning or significance of the summons: that Ocwen was the plaintiff and that DeGomez was a defendant. Further, we cannot determine that the alleged technical deficiency regarding the absence of DeGomez's name following "To Defendant:" defeated personal jurisdiction over her. There were only two names listed on the summons, and DeGomez would have known if she were a defendant. Thus, the alleged defect in the summons did not deprive the court of personal jurisdiction over DeGomez. Accordingly, the trial court properly dismissed defendants' petition regarding DeGomez.

¶ 22    We now turn our attention to whether the summons was proper as to Trujillo. The record clearly shows that the summons was improper as to Trujillo. The summons failed to name Trujillo on its face and thus, under the authority cited above, was no summons at all. See *Ohio Millers Mutual Insurance Co.*, 367 Ill. at 56; see also *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 14. However, this is not cause for reversal.

¶ 23    Although the trial court did not rely on *laches* in dismissing the claim for possession, use, and occupancy, we may affirm a dismissal on any basis in the record regardless of the basis relied

upon by the trial court. See *Wofford v. Tracy*, 2015 IL App (2d) 141220, ¶ 27. For the following reasons, we hold that *laches* bars the claim for possession, use, and occupancy (*infra* ¶¶ 24-33) and that the claim for restitution is not cognizable in a section 2-1401 action (*infra* ¶ 34).

¶ 24    Defendants argue that *laches* does not apply, because a void judgment may be attacked at any time. Ocwen argues that *laches* applies to defendants' petition seeking relief from an alleged void judgment. After reviewing the parties' arguments and the record, we conclude that *laches* was a proper basis of dismissal as to Trujillo and an additional basis as to DeGomez.

¶ 25    *Laches* is an affirmative defense that is equitable and requires the party raising it to show that there was an unreasonable delay in bringing an action and that the delay caused prejudice. *BankUnited, National Ass'n v. Giusti*, 2020 IL App (2d) 190522, ¶ 39. We acknowledge that void judgments can be attacked at any time and that section 2-1401 petitions alleging void judgments are not subject to that section's ordinary time restrictions. *PNC Bank, National Ass'n v. Kusmierz*, 2020 IL App (2d) 190521, ¶ 31. However, although void judgments may be attacked at any time, in *JPMorgan Chase Bank, N.A. v. Robinson*, 2020 IL App (2d) 190275, ¶ 30, we noted that *laches* "can preclude relief in an appropriate case where prejudice is demonstrated." Further, we have noted that, although it may be a "curious argument" to assert that *laches* bars a jurisdictional challenge, nevertheless, "[i]n some circumstances, *laches* [has] been held to interpose a limit on when a void judgment may be collaterally attacked." *West Suburban Bank v. Advantage Financial Partners, LLC*, 2014 IL App (2d) 131146, ¶ 26 (citing *James v. Frantz*, 21 Ill. 2d 377, 383 (1961), *Eckberg v. Benso*, 182 Ill. App. 3d 126, 131-32 (1989), *In re Adoption of Miller*, 106 Ill. App. 3d 1025, 1030 (1982), and *Rodriguez v. Koschny*, 57 Ill. App. 3d 355, 361 (1978)).

¶ 26    In *Kusmierz*, we held that *laches* barred the defendants' section 2-1401 petition, alleging a void judgment based on improper service, because the plaintiff had established both a lack of due

diligence in bringing the petition and prejudice caused by such delay. *Kusmierz*, 2020 IL App (2d) 190521, ¶ 33. There, the defendants waited approximately six years after the default judgment had been entered to file their section 2-1401 petition. Similarly, in *Federal National Mortgage Ass'n v. Altamirano*, 2020 IL App (2d) 190198, ¶ 28, we held that *laches* barred the defendants' section 2-1401 petition based on an alleged void judgment due to a defective summons. There, the defendants filed their petition eight years after being served and over six years after being evicted from the property. *Id.* ¶ 16.

¶ 27    We are not the first court to determine that *laches* may be applied even where the issue concerns defective service and allegedly void orders. See, *e.g.*, *Slatin's Properties v. Hassler*, 53 Ill. 2d 325, 329-30 (1973) (noting that the defense of *laches* is "dependent upon the facts of each case" and "[w]hen the facts indicate that it would be inequitable to allow a party to assert title, *[l]aches* will bar this right even within the statutory period of limitation"); *In re Jamari R.*, 2017 IL App (1st) 160850, ¶ 55 (" 'Illinois cases recognize that even if service of process is defective[,] an attack on a decree may be barred by *laches*. [Citation.] It is basic to the *laches* doctrine that a complainant may be barred when, after ascertaining the facts, he [or she] fails promptly to seek redress.' " (quoting *Rodriguez*, 57 Ill. App. 3d at 361-62)); *La Salle National Bank v. Dubin Residential Communities Corp.*, 337 Ill. App. 3d 345, 350-51 (2003) ("*Laches* is a defense that is asserted against a party who has knowingly slept upon his [or her] rights and acquiesced for a great length of time, and its existence depends upon whether, under all the circumstances of a particular case, a party is chargeable with want of due diligence and failing to institute proceedings before he or she did"; moreover, "[w]hether the defense of *laches* is available is to be determined upon the facts and circumstances of each case"); *Eckberg v. Benso*, 182 Ill. App. 3d 126, 131 (1989) ("Illinois courts have applied this [*laches*] doctrine to bar claims that a decree is void for defective

service of process despite contrary arguments that such a jurisdictional claim may be brought at any time."); *Miller v. Bloomberg*, 60 Ill. App. 3d 362, 365 (1978) (noting that a void decree may be attacked at any time, "although the equitable defense of laches may be interposed"). Considering the foregoing precedent, defendants' position that under no circumstances may *laches* apply to this case is simply not persuasive.

¶ 28 We also reject defendants' contention that *laches* may bar a challenge to an alleged void judgment only "where special concerns were at issue." Defendants cite *Pyle v. Ferrell*, 12 Ill. 2d 547 (1958) (noting that *laches* barred a claim regarding mineral and oil property rights), and *Jamari R.*, 2017 IL App (1st) 160850 (noting that *laches* barred a claim alleging a void order due to defective service related to an adoption), to support their argument. However, the cases cited by defendants do not limit the application of *laches* to any particular set of facts. Further, despite arguments that a claim attacking a void judgment may be brought at any time, Illinois courts have applied *laches* to bar such claims without language limiting its application to "special concerns." See, *e.g.*, *James*, 21 Ill. 2d at 383; *Rodriguez*, 57 Ill. App. 3d at 361; *Miller*, 106 Ill. App. 3d at 1030.

¶ 29 The doctrine of *laches* is founded on the maxim that equity aids the vigilant and not those who slumber on their rights. See *Pyle*, 12 Ill. 2d at 552; *Wooded Shores Property Owners Ass'n v. Mathews*, 37 Ill. App. 3d 334, 338 (1976). *Laches* is principally based on the inequity of permitting a right to be enforced, an inequity founded upon some change in the condition or relation of the property and the parties. *Pyle*, 12 Ill. 2d at 552. Thus, where there is such a change as to make it inequitable to grant relief, it will be refused. *Id.* "*Laches* is, therefore, such neglect or omission to assert a right, taken in conjunction with a lapse of time of more or less duration and other circumstances causing prejudice to an adverse party, as will operate to bar relief in equity." *Id.* It

follows that to establish *laches*, a party must show (1) a lack of due diligence by the party asserting a claim and (2) prejudice to the party asserting *laches*. *Id.*

¶ 30    Here, Ocwen argues that both elements of *laches* are satisfied. We agree. Defendants do not argue that they were not served or had no knowledge of the foreclosure action. Indeed, it is undisputed that defendants were served with the complaint and summons on March 30 and March 31, 2010. Although the summons failed to name Trujillo on its face, defendants did nothing about the partially defective summons until filing their section 2-1401 petition approximately eight and one-half years later. This unreasonable delay allowed defendants to increase the damages they could claim without any detriment to them and resulted in the transfer to the purchasers, with whom defendants entered into a settlement agreement such that Ocwen is irreparably damaged and cannot recover the property.

¶ 31    In addition, defendants seek against Ocwen restitution and profits from the sale of the property. However, defendants were served with the complaint and summons notifying them that their interest in the property was in jeopardy more than eight years prior to filing their section 2-1401 petition. For over eight years, defendants did nothing to protect their rights in the property, and, had they participated in court proceedings, they might have brought to the court's attention the defect in the summons regarding Trujillo. Again, defendants do not dispute that they received service or that constructive notice of the property, via the recording of deeds and the purchasers' payment of real estate taxes, would impute knowledge to them. Nevertheless, they did not bring this cause of action until more than eight years and two transfers of title later. To permit relief against Ocwen at this juncture and under these circumstances would be inequitable, as it has no ability to recover the property and, depending on statutes-of-limitations issues, might have no recourse against other parties or counsel. Further, nothing suggests that defendants' delay in

bringing this action was reasonable. Accordingly, providing relief to defendants would prejudice Ocwen and award defendants a windfall. *Laches*, therefore, applies to bar defendants relief, and the trial court properly dismissed their section 2-1401 petition.

¶ 32     Defendants argue that *laches* cannot apply, because the purchasers and Ocwen have "unclean hands." The doctrine of "unclean hands" is an equitable doctrine that precludes a party from taking advantage of its own wrong. *Jameson Real Estate, LLC v. Ahmed*, 2018 IL App (1st) 171534, ¶ 83. The doctrine applies only when the party's misconduct rises to a level of fraud or bad faith. *Id.* To determine whether a party acted with unclean hands, the court must look to the intent of that party. *Thompson Learning, Inc. v. Olympia Properties, LLC*, 365 Ill. App. 3d 621, 634 (2006).

¶ 33     Here, defendants contend that Ocwen "profited from its representations that the underlying foreclosure had been completed in accordance with all statutory mandates." However, defendants do not establish or even contend that Ocwen acted with knowledge that the summons was improper. Because defendants failed to present any evidence to show any intent of fraud or bad faith on the part of Ocwen, defendants' assertion of unclean hands must fail. See *Schivarelli v. Chicago Transit Authority*, 355 Ill. App. 3d 93, 103 (2005).

¶ 34     We also note that defendants' petition's demand for money damages in the form of restitution and rent is inappropriate. Section 2-1401 of the Code provides a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. The purpose of a section 2-1401 petition is to bring to the court's attention facts not of record that would have prevented the judgment if known by the court at the time. *Kulhavy v. Burlington Northern Sante Fe R.R.*, 337 App. 3d 510, 516 (2003). Thus, defendants' claim for money damages is not

cognizable in their section 2-1401 petition, which is a collateral attack on the previous judgments rendered in the foreclosure proceeding. See *Burchett v. Goncher*, 235 Ill. App. 3d 1091, 1098 (1991).

¶ 35    For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 36                                  III. CONCLUSION

¶ 37    The judgment of the circuit court of Du Page County is affirmed.

¶ 38    Affirmed.

**No. 2-19-0774**

| | |
|---|---|
| **Cite as:** | *Ocwen Loan Servicing, LLC v. DeGomez*, 2020 IL App (2d) 190774 |
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 2010-CH-1529; the Hon. Bonnie M. Wheaton, Judge, presiding. |
| **Attorneys for Appellant:** | Giovanni Raimondi, of RAI Law, LLC, of Chicago, for appellants. |
| **Attorneys for Appellee:** | Jena Valdetero, Jessica D. Pedersen, and Kristin Howard Corradini, of Bryan Cave Leighton Paisner LLP, of Chicago, for appellee. |