2022 IL App (2d) 210628-U
No. 2-21-0628
Order filed June 21, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., as TRUSTEE for LSF 10 MASTER PARTICIPATION TRUST, | ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CH-1197 |
| JEFFRY W. WEINER; SUSAN V. WEINER; CITIBANK, N.A.; f/k/a Citibank; FEDERAL SAVINGS BANK; LAWRENCE B. LEVIN; META LEVIN; UNKNOWN TENANTS; UNKNOWN OWNERS; and NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| | ) ) | Honorable Robert G. Gibson, |
| (Jeffrey W. Weiner, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Presiding Justice Bridges and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court properly denied defendant's section 2-1401 petition challenging a foreclosure judgment because the summons did not clearly identify its date of issuance.  The date of issuance, although partly obscured by the clerk's stamp, was

clearly identifiable from the dates (1) the complaint was filed, (2) the summons was received and accepted by the clerk's office, and (3) the summons was served.

¶ 2    Defendant, Jeffry W. Weiner, appeals from the judgment of the circuit court of Du Page County denying his motion to vacate (735 ILCS 5/2-1401 (West 2020)) a judgment of foreclosure. He contends that the summons served on him failed to clearly identify its issuance date as required by Illinois Supreme Court Rule 101(a) (eff. July 17, 2020) and was therefore insufficient to confer personal jurisdiction over him.  Because the summons complied with Rule 101(a), we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On September 28, 2018, plaintiff, U.S. Bank Trust, as trustee for LSF 10 Master Participation Trust, filed a mortgage foreclosure action against defendant, among others.  The summons in the record stated that it was electronically issued.  The case number on the summons was "2018CH001197."  The date stamp for the issuance of the summons read "9/28/2," but the remanding digits of the year were unreadable because the clerk's stamp covered them up.  At the very bottom of the summons appeared, in small print, "Document received on 9/28/18 11:27 AM Document accepted on 09/28/2018 13:37:47."

¶ 5    The summons was personally served on defendant on October 26, 2018.  On January 6, 2020, the trial court entered an order of default against defendant and a judgment of foreclosure.

¶ 6    On May 17, 2021, defendant appeared through counsel and filed, pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)), a "Motion to Vacate All Substantive Orders."  Relying on Rule 101(a), he contended that, because the summons did not clearly identify the issuance date, there was no valid service and thus the trial court never acquired personal jurisdiction over him.

¶ 7    As of the July 8, 2021, hearing on defendant's motion, plaintiff had not filed a response to the motion to vacate.  Plaintiff's counsel stated that he was prepared to proceed without filing a

response. Defendant's counsel responded that she preferred to proceed without further briefing. The trial court allowed the parties to proceed with their arguments.

¶ 8 Plaintiff's counsel, relying on the print at the bottom of the summons stating that it was received and accepted by the clerk on September 28, 2018, asserted that the issuance date was clear within the meaning of Rule 101(a). In reply, defendant's counsel stated merely that it was "obvious" that "this [was] not a proper summons under Illinois law."

¶ 9 The trial court found that the month and date of issuance were clear on the summons but that the year was obscured by the clerk's stamp. However, the court noted that the date of reception and acceptance of the summons were stated at the bottom of the summons. The court added that, because the case number on the summons was 2018 and defendant was served on October 26, 2018, it stood to reason that the year of issuance was also 2018. Accordingly, the court found that the summons complied with Rule 101(a) because it clearly identified the issuance date. Thus, the court denied defendant's motion to vacate.

¶ 10 Defendant filed a motion to reconsider, contending, among other things, that the print at the bottom of the summons showing its date of reception and acceptance was too small to constitute a clear identification of the summons's issuance date. The trial court denied the motion to reconsider, and defendant filed this timely appeal.

¶ 11                                II. ANALYSIS

¶ 12 On appeal, defendant contends that the summons did not comply with Rule 101(a), because it did not clearly identify its issuance date. To that end, defendant, relying primarily on contract cases, asserts that the print at the bottom of the summons was too small to constitute a clear identification of its issuance date within the meaning of Rule 101(a).

¶ 13    We begin with the standard of review. We review *de novo* a ruling on a section 2-1401 petition claiming voidness for lack of personal jurisdiction. *Ocwen Loan Servicing, LLC v. DeGomez*, 2020 IL App (2d) 190774, ¶ 15.

¶ 14    Rule 101(a), requires, in pertinent part, that the summons "shall clearly identify the date it is issued." Ill. S. Ct. R. 101(a) (eff. July 17, 2020). A summons issued in violation of that rule is void and does not confer personal jurisdiction over the defendant. *DeGomez*, 2020 IL App (2d) 190774, ¶ 20. In determining whether a summons was sufficient to provide the opposing party with proper notice of the action, a court adheres to the principle that it should not elevate form over substance but instead construe a summons liberally. *DeGomez*, 2020 IL App (2d) 190774, ¶ 20.

¶ 15    The parties do not cite, nor do we find, any case interpreting Rule 101(a) as to what constitutes a clear identification of a summons's issuance date. Nonetheless, when we interpret the supreme court rules, we apply the same principles of construction applicable to statutes. *People v. Smith*, 2022 IL 126940, ¶ 12. In doing so, we strive to ascertain and give effect to the drafters' intent, which is most reliably indicated by the plain language of the rule. *Smith*, 2022 IL 126940, ¶ 12. Where the language of the rule is clear and unambiguous, we apply the rule as written without resorting to further aids of statutory construction. *People v. Santiago*, 236 Ill. 2d 417, 428 (2010). Words and phrases should not be interpreted in isolation but must be read in light of other relevant provisions of the rule. *Santiago*, 236 Ill. 2d at 428.

¶ 16    Rule 101(a) states unequivocally that a summons must clearly identify the issuance date. It does not, however, specify how that must be done. Accordingly, as long as the date of issuance is clearly identifiable on the face of the summons, the summons complies with Rule 101(a).

¶ 17    Here, although the date stamp was clear regarding the month and day of issuance, the year was partly obscured by the clerk's stamp. Nonetheless, the case number in the complaint caption stated that the case was filed in 2018. Further, the summons was served in October 2018. Knowing that the case was filed in 2018, defendant would have known that the summons was not issued before 2018. Further, knowing that the summons was served in 2018, defendant would also have known that the summons was not issued after 2018. Accordingly, the only reasonable interpretation would have been that the summons was issued in 2018. Thus, notwithstanding the obscured year in the date stamp, the summons clearly identified the date of issuance.

¶ 18    Additionally, the print at the bottom of the summons further identified the issuance date. It stated that the summons was received and accepted by the clerk's office on September 28, 2018. From that information, combined with the case date and service date, defendant should have reasonably concluded that the year of issuance was 2018.

¶ 19    Although defendant relies on contract cases regarding the enforceability of small print in a contract, those cases are inapplicable here. We are not dealing with the issue of whether a contract exists or whether a contract provision is enforceable against an unknowing party. As plaintiff points out, a summons is not a contract. The purpose of a summons is to notify a party that an action has been commenced against him. *DeGomez*, 2020 IL App (2d) 190774, ¶ 20. Our concern is whether the summons clearly identified the date of issuance. To that end, because the print at the bottom of the summons, although smaller than the print elsewhere, was both legible and understandable, it contributed to a clear identification of the issuance date.

¶ 20    Because the summons clearly identified its issuance date, it complied with Rule 101(a). Thus, the trial court properly denied both defendant's motion to vacate and his motion for reconsideration.

¶ 21                                  III. CONCLUSION

¶ 22    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 23    Affirmed.