2021 IL App (2d) 200019
No. 2-20-0019
Opinion filed March 30, 2021

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| LISLE SAVINGS BANK, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-CH-1390 |
| | ) | |
| RONALD D. TRIPP; DEANNA C. TRIPP; | ) | |
| WORLDWIDE ASSET PURCHASING | ) | |
| II, LLC; UNKNOWN OWNERS; and | ) | |
| NONRECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | James D. Orel, |
| (Deanna C. Tripp, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Hutchinson concurred in the judgment and opinion.

**OPINION**

¶ 1   Defendant Deanna C. Tripp appeals from the order of the circuit court of Du Page County denying her motion to quash service of the summons in proceedings to foreclose a mortgage executed by her and Ronald D. Tripp. We affirm.

¶ 2                                I. BACKGROUND

¶ 3   On August 10, 2015, Lisle Savings Bank (Bank) filed a mortgage foreclosure complaint against Ronald, Deanna, Worldwide Asset Purchasing II, LLC, and unknown owners and nonrecord claimants. The Bank served a summons on Deanna, which was captioned "Lisle Savings

Bank vs Ronald D. Tripp, *et. al* [*sic*]." The words "To each Defendant: see attached service list" appeared immediately beneath the caption. The attached service list contained the words "Please Serve:" followed by the names and addresses of the identified defendants, *i.e.*, Ronald, Deanna, and Worldwide Asset Purchasing II, LLC. None of the defendants appeared, and the trial court entered a default judgment on the foreclosure complaint on December 21, 2015. A foreclosure sale was conducted on May 10, 2018. The delay in conducting the sale was due to the pendency of a bankruptcy proceeding in which Deanna was a debtor. On June 26, 2018, the trial court entered an order approving the sale.

¶ 4     On July 23, 2018, Deanna entered an appearance and moved to quash service. She argued in her motion that, because her name did not appear on the face of the summons, the summons was ineffective. Thus, she contended, the court lacked personal jurisdiction over her. The Bank responded, *inter alia*, that the failure to name Deanna on the face of the summons was a technical error and that, pursuant to section 2-201(c) of the Code of Civil Procedure (Code) (735 ILCS 5/2-201(c) (West 2018)), the error did not affect the court's jurisdiction. The court denied the motion, and this appeal followed.

¶ 5                                    II. ANALYSIS

¶ 6     Initially, a brief comment on a procedural matter is in order. The trustee of the estate in Deanna's bankruptcy proceeding was granted leave to intervene in the trial court, as was the purchaser of the subject property. Although the trustee intervened, she did not file a notice of appeal. Nonetheless, she filed a motion in this court to adopt Deanna's briefs. A motion panel granted the motion. Deanna's attorney requested oral argument. However, Deanna's attorney and the trustee's attorney reached an agreement that the trustee's attorney would participate in the argument on behalf of both the trustee and Deanna. The trustee's attorney submitted an

acknowledgment of oral argument indicating that he would appear for both Deanna and the trustee. The trustee's attorney participated in the oral argument; Deanna's attorney did not.

¶ 7    The trustee's attorney's participation in the oral argument suggests confusion about his role in these proceedings. The trustee is not a party to this appeal. Although we allowed the trustee to adopt Deanna's briefs, that did not confer upon the trustee the status of a party to this appeal or otherwise entitle the trustee to participate in the oral argument. Furthermore, because the trustee's attorney does not represent Deanna as an attorney of record, it was improper for him to argue on her behalf. Although we have considered striking the trustee's attorney's argument, we choose not to do so. We are confident that the trustee's attorney acted entirely in good faith, and we see no need for any sort of sanction. That said, Deanna's attorney's failure to participate in the oral argument that he requested is troublesome. We encourage him, in the future, to appear at oral arguments or refrain from requesting them.

¶ 8    Turning to the merits, we initially note that the Bank has argued that Deanna lacks standing to bring this appeal. "A party has standing to appeal where he or she has some real interest in the cause of action or a legal or equitable interest in the subject matter of the controversy." *In re Nitz*, 317 Ill. App. 3d 119, 122 (2000). The Bank maintains that, because of Deanna's bankruptcy proceeding, her title to the subject property became the property of the bankruptcy estate. See 11 U.S.C. § 541 (2018). Thus, according to the Bank, only the trustee of the estate may defend against the foreclosure complaint. The Bank has also filed a motion, which we have taken with the case, to dismiss this appeal because Deanna lacks standing. "The issue of standing presents a question of law that this court reviews *de novo*." *Powell v. Dean Foods Co.*, 2012 IL 111714, ¶ 35.

¶ 9    In its motion to dismiss, the Bank argues that only the trustee had standing to appeal the trial court's order, but it notes that she failed to file a notice of appeal. Thus, according to the Bank,

the appeal was not properly perfected. In response, Deanna contends that she has standing based on a possessory interest arising from Illinois's homestead exemption. In *In re Szekely*, 936 F.2d 897 (7th Cir. 1991), cited by Deanna, it was held that the homestead exemption conferred the debtor with a possessory interest in property of the estate to which the exemption applied. In its reply in support of the motion, the Bank contends that *Szekely* is inapplicable because the mortgage waived the homestead exemption and Deanna had no equity in the subject property.

¶ 10    We need not consider whether the homestead exemption confers standing. Even leaving aside Deanna's rights under the homestead exemption, Deanna has standing in this appeal based on her occupancy of the subject property. During the proceedings below, counsel for the trustee indicated that the property was in Deanna's possession, which we take to mean, if nothing else, that Deanna occupied the property. "[L]awful occupants of foreclosed properties cannot be removed except by [forcible entry and detainer] proceedings or unless they were made a party to foreclosure proceedings." *Fifth Third Mortgage Co. v. Foster*, 2013 IL App (1st) 121361, ¶ 11. Here, the foreclosure judgment awarded possession of the subject property to the purchaser upon the issuance of a deed to the property. Deanna has standing to challenge that aspect of the judgment on the basis that the trial court lacked personal jurisdiction over her. Accordingly, we deny the Bank's motion to dismiss this appeal.

¶ 11    We turn now to the principal issue on appeal. Does service of summons confer to the trial court personal jurisdiction over Deanna, where her name—without her defendant status—appeared only on the service list accompanying the summons? When the summons was issued, section 2-201 of the Code (735 ILCS 5/2-201 (West 2016)) provided, in pertinent part:

"(a) Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. The clerk shall issue summons upon request of

the plaintiff. The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules.

(b) One or more duplicate original summonses may be issued, marked 'First Duplicate,' 'Second Duplicate,' etc., as the case may be, whenever it will facilitate the service of summons in any one or more counties, including the county of venue."

¶ 12 The form of a summons is governed by Illinois Supreme Court Rule 101 (eff. July 17, 2020). Rule 101(a) provides, in pertinent part, that the summons "shall be directed to each defendant." Ill. S. Ct. R. 101(a) (eff. July 17, 2020). The rule prescribes the use of form summonses included in an appendix. Ill. S. Ct. R. 101(b)-(e) (eff. July 17, 2020). Illinois Supreme Court Rule 101(g) (eff. July 17, 2020) provides that "[t]he use of the wrong form of summons shall not affect the jurisdiction of the court." Illinois Supreme Court Rule 131 (eff. July 15, 2020), which governs the form of documents generally, is also germane to the sufficiency of the summons. That rule provides that "[a]ll documents shall be entitled in the court and cause, and the plaintiff's name shall be placed first." Ill. S. Ct. R. 131(b) (eff. July 15, 2020). Illinois Supreme Court Rule 131(c) (eff. July 15, 2020) provides that,

"[i]n cases in which there are two or more plaintiffs or two or more defendants, it is sufficient in entitling documents, *except a summons*, to name the first-named plaintiff and the first-named defendant with the usual indication of other parties, provided there be added the official number of the cause." (Emphasis added.)

¶ 13 Illinois courts have had several occasions to consider how a defendant must be named in a summons. In *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44 (1937), our supreme court held that a summons that failed to name approximately 3000 people on its face was invalid even though their names were listed on a

document attached to the summons. In *Fleshner v. Copeland*, 13 Ill. 2d 72 (1958), the court held that a summons was effective for a defendant who was not named on the summons but whose name appeared in the complaint's body. The plaintiffs in *Fleshner* submitted a request to the clerk of the court to issue a summons. The request was captioned with the names of the first-named plaintiff and the first-named defendant. The *Fleshner* court held that, under a supreme court rule nearly identical to Rule 131(c), the request was proper and that "[t]he plaintiffs should not be charged with omissions of the clerk in the preparation of summons." *Id.* at 75. Most recently, in *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, we relied on *Ohio Millers Mutual* in holding that merely including a defendant's name in a service list attached to a summons is insufficient to confer personal jurisdiction over that defendant.

¶ 14    After we decided *Perez*, the General Assembly enacted Public Act 100-1048, § 5 (eff. Aug. 23, 2018), which amended section 2-201 by adding subsection (c), which provides:

> "(c) A court's jurisdiction is not affected by a technical error in format of a summons if the summons has been issued by a clerk of the court, the person or entity to be served is identified as a defendant on the summons, and the summons is properly served. This subsection is declarative of existing law." 735 ILCS 5/2-201(c) (West 2018).

¶ 15    The resolution of this appeal depends on whether, for purposes of section 2-201(c), the failure to name Deanna in the caption on the summons, as required by Rule 131(c), is a "technical error" and whether Deanna was "identified as a defendant on the summons" because her name appeared on the service list. *Id.* These are questions of statutory interpretation, governed by the following principles:

> "This court's primary objective in construing a statute is to ascertain and give effect to the intent of the legislature. [Citation.] The most reliable indicator of the legislature's

intent is the plain language of the statute. [Citation.] When the statutory language is clear and unambiguous, it should be applied as written without resort to extrinsic aids or tools of interpretation. [Citation.] If the language of a statute is ambiguous, this court turns to extrinsic aids of statutory construction, including legislative history and well-established rules of construction. [Citation.] *Poris v. Lake Holiday Property Owners Ass'n*, 2013 IL 113907, ¶ 47.

Questions of statutory interpretation are subject to *de novo* review. *Dew-Becker v. Wu*, 2020 IL 124472, ¶ 12.

¶ 16    A statute is ambiguous if it can be given more than one reasonable interpretation. *Nowak v. City of Country Club Hills*, 2011 IL 111838, ¶ 11. Furthermore, the most literal interpretation of statutory language is not necessarily the only reasonable interpretation. See *Grever v. Board of Trustees of the Illinois Municipal Retirement Fund*, 353 Ill. App. 3d 263, 266-67 (2004). As used in section 2-201(c), the term "technical error" is ambiguous. Additionally, "identified as a defendant on the summons," could reasonably mean either named as a defendant on the face of the summons or identified as a defendant on an attached document. Accordingly, we look beyond the language of that section 2-201(c) to discover the meaning of these terms.

¶ 17    As noted, Public Act 100-1048 added subsection (c). Public Act 100-1048 originated as Senate Bill 2432 in the 100th General Assembly. The senate majority staff bill analysis (Staff Analysis) of the bill explained:

"In 2015, the Illinois Appellate Court ruled a summons invalid in a foreclosure suit where it did not name the defendant on the face of the summons but rather named only her husband and listed her name on an attachment directed to the process server rather than the

defendant. See *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117."

Senate Majority Staff, 100th Ill. Gen. Assem., Senate Bill 2432 Analysis (Apr. 16, 2018).

¶ 18    The Staff Analysis further observed:

> "According to [the bill's] proponents, this ruling was an improper elevation of form over substance and also conflicts with a 1958 Illinois Supreme Court Case that the [*Perez*] court did not consider. See *Fleshner v. Copeland*, 13 Ill. 2d 72 (1958) (holding that, although the caption of the complaint and the summons did not name the defendant, the complaint was sufficient to invoke the court's jurisdiction because the defendant was specifically named in the body of [the] complaint)." *Id.*

¶ 19    In determining the legislative intent underlying a particular statute, it is useful to consider the evolution of a bill's language before its ultimate enactment. See *Swanson v. Board of Education of Foreman Community Unit School District #124*, 135 Ill. App. 3d 466, 471 (1985). "Where the meaning of a statute is at all ambiguous, amendments offered to the original bill during its passage may be considered as an aid to construction." *Scala/O'Brien Porsche Audi, Inc. v. Volkswagen of America, Inc.*, 87 Ill. App. 3d 757, 761-62 (1980). Courts also consider the legislative debates preceding the passage of a bill. *Krohe v. City of Bloomington*, 204 Ill. 2d 392, 398 (2003).

¶ 20    In Senate Bill 2432, *as introduced*, subsection (c) provided as follows:

> "(c) A summons that otherwise complies with Supreme Court Rules and is properly served is not invalidated and the court's jurisdiction is not affected by an error in format. *A summons is not defective if the named defendant is listed on a document attached to the summons.* This subsection is declarative of existing law set forth by the Illinois Supreme Court in Fleshner v. Copeland, 13 Ill.2d 72 (1958)." (Emphasis added.) 100th Ill. Gen. Assem., Senate Bill 2432, 2018 Sess. (as introduced, Jan. 30, 2018), https://

www.ilga.gov/legislation/fulltext.asp?DocName=10000SB2432&GA=100&SessionId=9

1&DocTypeId=SB&LegID=109004&DocNum=2432&GAID=14&SpecSess=&Session=

(last visited March 26, 2021) [https://perma.cc/U7Q7-4AZX].

However, a Senate amendment completely rewrote the first two sentences. Of particular

significance here, the amended version contains no language equivalent to the language

emphasized above. That omission might suggest that the General Assembly did not intend that

including a defendant's name on a service list would cure the failure to name that defendant on the

face of the summons. Generally, we presume that the General Assembly "[did] not intend

*sub silentio* to enact statutory language that it has earlier discarded in favor of other language."

(Internal quotation marks omitted.) *Immigration & Naturalization Service v. Cardoza-Fonseca*,

480 U.S. 421, 442-43 (1987). Here, that presumption was rebutted by the Senate debate

immediately before passage of Senate Bill 2432. The bill's sponsor, Senator Mulroe, was asked

specifically whether the bill was intended to "abrogate" *Perez* and whether a defendant's name on

an attachment to a summons would "be considered to be on or a part of the summons." 100th Ill.

Gen. Assem., Senate Proceedings, April 24, 2018, at 87-88 (statements of Senator Connelly).

Mulroe's answer to both questions was "Yes." 100th Ill. Gen. Assem., Senate Proceedings, April

24, 2018, at 87-88 (statements of Senator Mulroe).

¶ 21    Senate Bill 2432 as amended was debated extensively in the House of Representatives, but

the debate is unilluminating. The bill's House sponsor, Representative Martwick, explained that it

was a "response to an Illinois Appellate Court ruling that has sort of set off a chain of events

regrading [*sic*] foreclosure lawsuits." 100th Ill. Gen. Assem., House Proceedings, May 30, 2018,

at 174 (statements of Representative Martwick). He added that "what we are trying to do is we are

trying to tighten up the law around this. And basically, what we're trying to do is we're trying to

affirm what we believe to be the law in terms of service of process." 100th Ill. Gen. Assem., House Proceedings, May 30, 2018, at 174 (statements of Representative Martwick). According to Martwick, the bill preserved the holdings in both *Ohio Millers Mutual* and *Fleshner*. However, when asked to define "technical error," Martwick responded that that was a question for the trier of fact. He added that he could not clarify the meaning of that term "because it's not in the Bill." 100th Ill. Gen. Assem., House Proceedings, May 30, 2018, at 180 (statements of Representative Martwick).

¶ 22    When specifically asked whether a lender could foreclose on a mortgage in a case like *Perez*, Martwick responded, "I wouldn't speculate. Again, I think that that would be a decision for the courts to make *** when that challenge is brought before them." 100th Ill. Gen. Assem., House Proceedings, May 30, 2018, at 181 (statements of Representative Martwick). In contrast, however, an opponent of the proposed legislation, Representative Drury, stated unequivocally that the proposed legislation was designed to "reverse" *Perez*, "which would make it easier for banks to take people's homes away from them." 100th Ill. Gen. Assem., House Proceedings, May 30, 2018, at 182 (statements of Representative Drury).

¶ 23    Representative Zalewski remarked, "If I heard right, the Bill would codify what's in a Supreme Court case on this issue and reverse *** a subsequent Appellate Court case on this issue?" 100th Ill. Gen. Assem., House Proceedings, May 30, 2018, at 189 (statements of Representative Zalewski). Martwick cryptically responded that the bill "would codify *** and affirm what we believe to be the current law without addressing *** the idea that there can be other rulings under this law given separate distinct factual scenarios." 100th Ill. Gen. Assem., House Proceedings, May 30, 2018, at 189 (statements of Representative Martwick). Curiously, in his closing remarks, Martwick claimed that the bill was "designed to provide clarity to the legal system where there is

not clarity right now." 100th Ill. Gen. Assem., House Proceedings, May 30, 2018, at 194 (statements of Representative Martwick).

¶ 24    If the debates in the House are of any assistance at all in ascertaining legislative intent, it is only insofar as Drury, an opponent of the bill, recognized that the bill would abrogate our holding in *Perez*. That view is consistent with the explanation of the bill by Mulroe, its sponsor in the Senate. On balance, the legislative history of section 2-201(c) reflects a legislative intent to treat the absence of a defendant's name on a summons's caption as a technical error and to treat a defendant named on an attachment to a summons as having been "identified as a defendant on the summons." 735 ILCS 5/2-201(c) (West 2018). This understanding would have been clearer had the General Assembly enacted Senate Bill 2432 as introduced. However, it is difficult to imagine that, in amending the Bill, the General Assembly intended a fundamental departure from the bill's original purpose (as stated in the Staff Analysis) of relaxing the rigors of our holding in *Perez*. On this point, the remarks during the debate in the Senate are, in our view, sufficiently clear to overcome any inference arising from the modification of the original language of Senate Bill 2432.

¶ 25    We have recently noted that "the purpose of a summons is to notify a party that an action has been commenced against him." (Internal quotation marks omitted.) *BankUnited, National Ass'n, v. Giusti*, 2020 IL App (2d) 190522, ¶ 27. The summons here served that purpose. Although Deanna was not named in the caption, the words "To each Defendant: see attached service list" appear directly underneath the caption. Those words were sufficient to notify those named on the service list that they were defendants, and even a cursory inspection of the complaint served with the summons would confirm that that was the case.

¶ 26    Deanna argues that, if section 2-201(c) gives effect to summonses like the ones in *Perez* and here, it runs afoul of Rule 101's requirement that the summons "shall be directed to each

defendant." We disagree. Section 2-201(c) does not prescribe the form of a summons; it specifies the consequence of failing to strictly adhere to Rule 101's requirements. Rule 101 *does not* command strict compliance with the formal requirements for a summons. Further, Rule 101 *does* specify that "[t]he use of the wrong form of summons shall not affect the jurisdiction of the court."

¶ 27    Finally, in her reply brief, Deanna argues for the first time on appeal that, pursuant to *Studentowicz v. Queen's Park Oval Asset Holding Trust*, 2019 IL App (1st) 181182, ¶ 18, section 2-201(c) cannot apply retroactively to the summons in this case, which was issued and served before section 2-201(c) took effect. We note that points not argued in an appellant's opening brief "are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). Accordingly, we decline to consider the argument.

¶ 28                                III. CONCLUSION

¶ 29    For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 30    Affirmed.

**No. 2-20-0019**

| | |
|---|---|
| **Cite as:** | *Lisle Savings Bank v. Tripp*, 2021 IL App (2d) 200019 |
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 15-CH-1390; the Hon. James D. Orel, Judge, presiding. |
| **Attorneys for Appellant:** | Giovanni Raimondi, of RAI Law, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | John J. Pcolinski Jr. and Mark F. Kalina, of Guerard, Kalina & Butkus, of Wheaton, for appellee. |