2023 IL App (1st) 220940-U

No. 1-22-0940

Order filed May 19, 2023

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| NEW CAPITAL HOME, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 M1 700260 |
| | ) | |
| STEPHAN KOGUT, NATALIA KOGUT, and | ) | |
| UNKNOWN OCCUPANTS, | ) | Honorable Perla Tirado |
| | ) | Judge, Presiding. |
| Defendants-Appellants. | ) | |

JUSTICE NAVARRO delivered the judgment of the court.
Justices Mitchell and Lyle concurred in the judgment.

¶ 1   *Held:*   The circuit court did not err when it denied Appellants-Defendants' section 2-1401 petition for relief from judgment that sought to vacate the eviction order entered based on lack of personal jurisdiction; affirmed.

**ORDER**

¶ 2       Appellants-Defendants, Stephan Kogut, Natalia Kogut, Wieslawa Kogut, and Marta Kulesza[1], appeal from the circuit court's order denying their section 2-1401 petition (735 ILCS 5/2-1401 (West 2020)), in which they sought to vacate the eviction order entered against them. On appeal, defendants contend that the court erred in denying their petition because plaintiff, New Capital Home, Inc., did not properly serve them with summons. Defendants argue that

---

[1] Three of the appellants share the same last name, so we will refer to all appellants by their first name.

plaintiff did not serve Stephan and Natalia with summons within 30 days in violation of Illinois Supreme Court Rule 102(b) (eff. Jan. 1, 2018) and that it also did not properly serve the unknown occupants, Wieslawa and Marta, with summons. Defendants also contend that the court in the First Municipal District erred in entering judgment because the case should have been heard in the Third Municipal District, where the property at issue is located. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                        Complaint

¶ 5        In January 2021, plaintiff filed a complaint against Stephan, Natalia, and unknown occupants, alleging that it owned property located at 108 Ridge Avenue, Prospect Heights, Illinois (property) and that defendants did not have a lease and were unlawfully withholding possession of the property. Plaintiff alleged that defendants owed it a total of $13,500 in damages.

¶ 6                        Documents in the Record Regarding Service

¶ 7        The record contains affidavits of service for both Natalia and Stephan, both of which stated that on February 26, 2021, the Sheriff's Office of Cook County attempted to serve them at the property, but there was "no contact." The record contains two eviction summonses stamped as filed in the circuit court on March 11, 2021, one of which provided in the caption New Capital Home, Inc., as the plaintiff and "STEPHAN KOGUT, et al" as the defendant(s). The second summons provided in the caption New Capital Home, Inc., as the plaintiff and "NATALIA KOGUT, et al" as the defendant(s). In both summonses, under the section in the caption "Address of Defendant(s)," the property address is listed. On March 11, 2021, plaintiff filed an *ex-parte* motion for appointment of a special process server, in which it asserted that the Sheriff's Office attempted to serve Natalia and Stephan on February 26, 2021, but did not do so.

On March 26, 2021, the circuit court entered an order that granted plaintiff's *ex parte* routine motion for appointment of a special process server.

¶ 8       On April 28, 2021, plaintiff filed with the circuit court its proof of service by special process server for both Natalia and Stephan. The record contains affidavits of special process server signed by the special process server stating that Natalia was personally served with summons and a copy of the complaint on the day prior, April 27, 2021, and that Stephan was served by leaving the summons and copy of the complaint with Natalia.

¶ 9       Plaintiff's Motion for Default Judgment and the Circuit Court's Subsequent Orders

¶ 10      On June 7, 2021, plaintiff filed a motion for default judgment, in which it asserted that defendants were served on April 27, 2021, and that they failed to appear or otherwise plead. Plaintiff argued that defendants were squatters in the property and were trespassing. Plaintiff asserted that defendants owed plaintiff $13,500 for damages and for withholding possession of the property. To support its argument, plaintiff attached an affidavit from Natallia Plyam, in which Plyam averred that she owned the property and defendants were damaging the property.

¶ 11      In June and July 2021, the circuit court entered several continuance orders, and on August 9, 2021, plaintiff filed a motion to set a trial date. Plaintiff asserted that it served defendants with process on April 27, 2021, and they failed to answer or otherwise plead. On August 13, 2021, the circuit court entered an order that transferred the case for assignment to a trial judge and stated that defendants failed to appear.

¶ 12      On September 2, 2021, the court entered an eviction order against Stephan, Natalia, and unknown occupants. The order granted plaintiff possession of the property and stated that the eviction was entered by default. The order provided that defendants were not in court and

stated, "exception to the IL moratorium as the Defendants are squatters and damaged the property." The order also required defendants to move out of the property by September 5, 2021.

¶ 13       On September 7, 2021, plaintiff filed with the circuit court affidavits for proof of service of the eviction order on Natalia, Stephan, and unknown occupants. The affidavit for proof of service on Stephan stated that Stephan was personally served the eviction order on September 3, 2021, by delivering a copy of the order to him at the property. The affidavits for Natalia and the unknown occupants stated that Natalia and the unknown occupants were served the eviction order on September 3, 2021, by substitute service by leaving a copy of the order with Stephan at the property. The affidavits also stated that on September 7, 2021, copies of the order were mailed to Natalia and unknown occupants.

¶ 14       On September 23, 2021, defendants filed a motion to unseal case records, in which they averred that Wieslawa and Marta were sued as unknown occupants, that on September 17, 2021, defendants were evicted by the Sheriff of Cook County, and that their counsel could not investigate whether service was defective unless the case was unsealed. On October 6, 2021, the circuit court granted defendants' motion to unseal the case records.

¶ 15                    Defendants' Petition for Relief from Void Judgment

¶ 16       On October 19, 2021, defendants filed a petition for relief from void judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)), in which they contended that plaintiff did not properly serve them with summons. Defendants asserted that the clerk's office issued summons for Stephan and Natalia on March 11, 2021, but that plaintiff did not serve Stephan and Natalia until April 27, 2021, which was more than 30 days after summons was issued. Defendants stated that, "[n]one of the summonses have return dates" and "[t]herefore defendants were unable to appear for trial." They also argued that the

unknown occupants were never served with summons. Defendants further contended that plaintiff violated the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. § 1692 *et seq.* (West 2018)) because plaintiff filed the case in the First Municipal District, in Chicago, but that plaintiff should have filed the case in the Third Municipal District, as the property was located in Prospect Heights. Defendants requested the court vacate the eviction order, restore possession of the property to them, order plaintiff to return their possessions, and transfer the case to the Third Municipal District.

¶ 17     In response, plaintiff argued that defendants were served with the September 2, 2021, eviction order, and they did not timely file their petition for relief from judgment. Plaintiff asserted that the court appointed the special process server on March 26, 2021, and that Stephan and Natalia were served on April 27, 2021. Plaintiff stated that, "it is imperative to highlight that courts are now functioning differently in Covid times." Plaintiff argued that the circuit court had jurisdiction because the property was located in Cook County.

¶ 18     In reply, defendants asserted that plaintiff had conceded that "its summons were stale" and that "neither the Supreme Court nor the [l]egislature has invoked corona virus and abrogated the rule that a summons expires after 30 days."

¶ 19     Supplemental Briefing on Defendants' Petition for Relief from Judgment

¶ 20     On January 4, 2022, the circuit court entered an order granting the parties leave to submit supplemental briefs on defendants' petition. Thereafter, defendants filed a supplemental brief, in which they asserted that the eviction was improper and that they should be entitled to possession of the property and restored to the position they were in before the court entered the erroneous order. Defendants also argued that plaintiff had asserted that Wieslawa and Marta

were criminal trespassers and had no rights under the Eviction Act (735 ILCS 5/9-107.5(d) (West 2020)) but that no court had ever made that determination.

¶ 21    As discussed below with defendants' motion to reconsider, the record indicates that plaintiff filed a supplemental brief that addressed an August 14, 2020, amendment to Illinois Supreme Court Rule 101(b). However, plaintiff's supplemental brief is not contained in the record.

¶ 22                                     Circuit Court's Order

¶ 23    On February 16, 2022, the circuit court entered an order that denied defendants' petition for relief from judgment. In a written order, the court stated that "[o]n August 14, 2020, the Illinois Supreme [Court] amended Rule 101(b) as a result of the hardships caused by the COVID-19 pandemic on the courts." The court stated that the amendment "eliminated the requirement that the summons must be served no later than 30 days after issuance." The court stated that subsequently on February 10, 2021, the Illinois Supreme Court entered an order that stated that the "August 14, 2020, [o]rder would be vacated within 60 days." The court concluded that the "August 202[0] amend[ment] to IL Supreme Court Order 101(b) made the [s]ummons valid when they were served, because the [s]ummons was granted on March 26, 2021." The court also concluded that plaintiff presented "substantial evidence" that it "alerted the defendants about the various court dates that were scheduled once service was achieved" and "[a]ny unknown occupants, did not file a petition with the Court within 7 days claiming their legal right to possession of the premises."

¶ 24                             Defendants' Motion to Reconsider

¶ 25    In defendants' motion to reconsider, they argued that plaintiff's supplemental brief was the first time it raised the argument that the Illinois Supreme Court "modified its Rule 101 in

2020 to permit the service of a summons that is more than 30 days old."[2] Defendants also asserted that the court's statement in its previous order that the Illinois Supreme Court "eliminated the requirement that the summons must be served no later than 30 days after issuance" was inaccurate. Defendants argued that Illinois Supreme Court Rule 102(b) was not amended as a result of COVID-19 and required summons to be served no later than 30 days after being issued. Defendants argued that plaintiff violated Rule 102(b) by serving stale summonses and that, therefore, the court did not have personal jurisdiction over defendants.

¶ 26    In a written order entered on April 15, 2022, the court granted in part and denied in part defendants' motion to reconsider. The court gave defendants time to respond to plaintiff's supplemental brief "on the issue if [*sic*] the Illinois Supreme Court amendment of Rule 101."

¶ 27           Defendants' Response to Plaintiff's Supplemental Brief

¶ 28    In defendants' response to plaintiff's supplemental brief, they asserted, among other things, that plaintiff violated Rule 102(b) by serving stale summonses and that therefore the circuit court did not have personal jurisdiction over them.

¶ 29    In reply, plaintiff asserted that the Illinois Supreme Court amended the Rule 101(b) form during COVID-19 to eliminate the 30-day service requirement. Plaintiff attached to its reply the supreme court's M.R. 3140 order entered on August 14, 2020, which states, "[e]ffective immediately, the Illinois Supreme Court Rule 101(b) form in the article I rules appendix is amended, as follows." The order then includes the "Amended Rule 101(b) Form," which shows that the following language was deleted: "This summons may not be served later than 30 days after its date."

¶ 30           Circuit Court's June 6, 2022, Order

---

[2] As previously noted, plaintiff's supplemental brief is not contained in the record.

¶ 31      On June 6, 2022, the circuit court issued a written order, in which it stated it held a hearing on defendants' response to plaintiff's supplemental brief. The transcript of the hearing is not in the record. The court concluded that it disagreed with defendants' argument that plaintiff violated Rule 102(b) by serving a stale summons. The court stated that pursuant to the Illinois Supreme Court's M.R. 3140 order entered on August 14, 2020, the supreme court temporarily eliminated the requirement that the summons be served no later than 30 days from the date of issuance. The court stated that the order entered on February 16, 2022, was to stand.

¶ 32                                    II. ANALYSIS

¶ 33      On appeal, defendants contend that the circuit court erred in denying their section 2-1401 petition because the court did not have personal jurisdiction over them. They argue that plaintiff did not properly serve Stephan and Natalia with summonses because they were not served within 30 days after the issuance date as required by Illinois Supreme Court Rule 102(b) (eff. Jan. 1, 2018). As for the unknown occupants, defendants contend that plaintiff did not comply with section 9-107.5(a) of the Eviction Act (735 ILCS 5/9-107.5(a) (West 2020)) and the unknown occupants were never served with a summons.

¶ 34      Section 2-1401 sets forth "a mechanism for a party to belatedly challenge and avoid a trial court's final judgment." *Nunez v. C&C Investments of Chicago*, LLC, 2022 IL App (1st) 211423, ¶ 15. Under section 2-1401, a party may "seek relief from a final judgment, such as a default judgment entered where the trial court lacks personal jurisdiction over the defendant, when brought more than 30 days after entry of judgment." *Municipal Trust & Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 16. "A judgment entered without jurisdiction over the parties is void *ab initio* and lacks legal effect." *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213 ¶ 17. We review *de novo* a circuit court's judgment on a section 2-1401 petition

alleging voidness based on lack of personal jurisdiction, as here. *Ocwen Loan Servicing, LLC v. DeGomez,* 2020 IL App (2d) 190774, ¶ 15.

¶ 35　　　　"Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 18. "The objectives of service of process are (1) to notify the defendant of pending litigation and enable it to appear and defend and (2) to vest jurisdiction in the trying court." *Nationstar Mortgage LLC v. Benavides*, 2020 IL App (2d) 190681, ¶ 18. "We evaluate the summons served on the defendant with that purpose in mind." *Charter Bank & Trust of Illinois v. Novak*, 218 Ill. App. 3d 548, 552 (1991).

¶ 36　　　　"In Illinois, statutes and supreme court rules govern the use of summons." *Nationstar Mortgage LLC*, 2020 IL App (2d) 190681, ¶ 12. Section 2-201(a) of the Code states that,

>　"Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. The clerk shall issue summons upon request of the plaintiff. The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules." 735 ILCS 5/2-201(a) (West 2020).

"A summons issued in violation of the statute and the rules is void and results in a lack of personal jurisdiction over the defendant." *Ocwen Loan Servicing,* 2020 IL App (2d) 190774, ¶ 20.

¶ 37　　　　We first address service of summons on Stephan and Natalia. Defendants argue that Stephan and Natalia were not properly served with summons because they were not served within 30 days after the summonses were issued as required by Rule 102(b), as the summonses were issued on March 11, 2021, and they were not served until April 27, 2021.

9

¶ 38    Illinois Supreme Court Rule 101 (eff. July 17, 2020) provides instruction regarding the form and issuance of a summons. *Lisle Savings Bank v. Tripp*, 2021 IL App (2d) 200019, ¶ 12. Paragraph (b) of Rule 101 addresses requirements for "Summons Requiring Appearance on a Specified Day," and subsection (b)(2) of Rule 101 governs summons in eviction cases, as here, and states as follows:

> "(2) In any action for eviction or for recovery of possession of tangible personal property, the summons shall be in the same form [as specified in (b)(1)], but shall require each defendant to appear on a day specified in the summons not less than 7 or more than 40 days after the issuance of summons." Ill. S. Ct. R. 101(b)(2) (eff. July 17, 2020).

On August 14, 2020, pursuant to M.R. 3140, the supreme court amended the summons form for Rule 101(b) provided in the appendix of the Illinois Supreme Court Rules by deleting the following language: "This summons may not be served later than 30 days after its date." Ill. S. Ct. R. App. 101(b) (eff. Aug. 14, 2020).

¶ 39    Paragraph (d) of Rule 101 addresses "Summons Requiring Appearance Within 30 Days After Service" and states:

> "In all other cases the summons shall require each defendant to file his answer or otherwise file his appearance within 30 days after service, exclusive of the day of service (see Rule 181(a)), and shall be prepared by utilizing, or substantially adopting the appearance and content of, the form provided in the Article II Forms Appendix." Ill. S. Ct. R. 101(d) (eff. July 17, 2020).

¶ 40    Illinois Supreme Court Rule 102(b) (eff. Jan. 1, 2018) addresses "When Service Must Be Made" and, at the relevant time, stated as follows:

"**(b) When Service Must Be Made**. No summons in the form provided in paragraph (d) of Rule 101 may be served later than 30 days after its date. A summons in the form provided in paragraph (b) of Rule 101 may not be served later than three days before the day for appearance." (Emphasis in original.) Ill. S. Ct. R. 102(b) (eff. Jan. 1, 2018).

Accordingly, the requirement in Rule 102(b) that a summons be served within 30 days after its date applies to summons in the form provided in paragraph (d) of Rule 101.

¶ 41 Defendants' contention that the summonses served on Natalia and Stephan were "stale" is based on the argument they were not served within 30 days in violation of Rule 102(b). However, as set forth above, the requirement in Rule 102(b) that a summons be served no later than 30 days after its date applies to summons in the form provided in paragraph (d) of Rule 101. For summons in the form provided in paragraph (b) of Rule 101, which applies in eviction cases as here, Rule 102(b) does not contain the same requirement. In addition, effective August 14, 2020, the summons form for Rule 101(b) provided in Article II Forms Appendix of the Illinois Supreme Court Rules does not contain the language that the "summons may not be served later than 30 days after its date." Ill. S. Ct. R. App. 101(b) (eff. Aug. 14, 2020). Thus, we disagree with defendants that under Rule 102(b), the summonses in this eviction case were required to be served within 30 days of its date.

¶ 42 Further, we note that the summonses do not contain a specific date for an appearance but state, "Hearing Date: No hearing scheduled." As discussed above, Rule 102(b) required that summons under the form provided in Rule 101(b) be served no later than three days before the day for appearance. Further, under Rule 101(b)(2), in an eviction action, as here, the summons "shall require each defendant to appear on a day specified in the summons not less than 7 or more than 40 days after the issuance of summons." Ill. S. Ct. R. 101(b)(2) (eff. July 17, 2020).

However, defendants do not argue on appeal that the summonses were improper for not containing a specific appearance date or for violating the requirement in Rule 102(b) that a summons in the form of Rule 101(b) "may not be served later than three days before the day for appearance." Ill. S. Ct. R. 102 (eff. Jan. 1, 2018). Thus, defendants' failure to raise these arguments results in forfeiture on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 43       We note that although the summonses did not contain an appearance date, the summonses informed defendants that plaintiff filed an eviction complaint against them in the circuit court of Cook County, in the First Municipal District, and that they were named as defendants in the eviction action. See *Charter Bank & Trust of Illinois*, 218 Ill. App. 3d at 552-53 (where there was no return date on the summons, the court found that the summons informed the defendant that the plaintiff had filed a complaint against her in DuPage County and it provided the court location). The summonses provided information on the court location as well as contact information for plaintiff's attorney. Thus, even though the summonses did not contain a specific date and time for defendants' appearance, we find that they adequately advised Stephan and Natalia of the pending litigation to enable them to appear and defend. See *id.* (where the summons was missing a return date and time and courtroom number, the court found that "despite its failings, the summons adequately advised the defendant of what she needed to do in order to appear and defend," noting that the summons informed her that she had been named as a defendant in an identified pending litigation, and that defendant, pursuant to the summons' information, "called the clerk of the court and learned the date, time, and courtroom where she

should appear"). Accordingly, the circuit court did not err in denying defendant's section 2-1401 petition.

¶ 44                                    Unknown Occupants

¶ 45    Defendants contend the circuit court erred in denying their section 2-1401 petition because the unknown occupants were never served with summons. Defendants argue that plaintiff did not comply with section 9-107.5(a) of the Eviction Act (735 ILCS 5/9-107.5(a) (West 2020)).

¶ 46    Section 9-107.5(a) of the Eviction Act addresses "[n]otice to unknown occupants" and states that,

> "[s]ervice of process upon an unknown occupant may be had by delivering a copy of the summons and complaint naming 'unknown occupants' to the tenant or any unknown occupant or person of the age of 13 or upwards occupying the premises." *Id.*

¶ 47    Here, the affidavits of special process server for Stephan and Natalia show that on April 27, 2021, summons and a copy of the complaint were delivered to defendant Natalia at the property, and Natalia is over the age of 13. The caption of the complaint named the unknown occupants as defendants. Accordingly, we find that the summons and complaint, which named the unknown occupants, sufficiently provided notice to the unknown occupants of the property about the eviction action.

¶ 48    Defendants nevertheless argue that plaintiff did not comply with section 9-107.5(a) because there was no summons naming or identifying the unknown occupants on the face of the summons. They assert that Illinois Supreme Court Rule 101(a) (eff. July 17, 2020) requires a summons directed to "each defendant."

¶ 49        Rule 101(a) requires that a summons "shall be directed to each defendant." *Id.* Under

Rule 101(g), "[t]he use of the wrong form of summons shall not affect the jurisdiction of the

court." Ill. S. Ct. R. 101(g) (eff. July 17, 2020). In 2018, the General Assembly amended section

2-201 of the Code by adding subsection (c), which states:

> "(c) A court's jurisdiction is not affected by a technical error in format of a summons
>
> if the summons has been issued by a clerk of the court, the person or entity to be served is
>
> identified as a defendant on the summons, and the summons is properly served. This
>
> subsection is declarative of existing law." 735 ILCS 5/2-201(c) (West 2020).

In *Lisle Savings Bank v. Tripp*, 2021 IL App (2d) 200019, ¶¶ 14-24, the second district discussed

the legislature history of the amendment and concluded: "On balance, the legislative history of

section 2-201(c) reflects a legislative intent to treat the absence of a defendant's name on a

summons's caption as a technical error and to treat a defendant named on an attachment to a

summons as having been 'identified as a defendant on the summons.' " *Id.* ¶ 24 (quoting 735

ILCS 5/2-201(c) (West 2018)). Further, as previously noted, "the purpose of a summons is to

'notify a party that an action has been commenced against him.' " *BankUnited, National*

*Association v. Giusti,* 2020 IL App (2d) 190522, ¶ 27 (quoting *In re Application of the County*

*Treasurer & ex officio County Collector*, 307 Ill. App. 3d 350, 355 (1999)). To determine

whether a summons was sufficient to provide the opposing party with notice of the action, " 'we

adhere to the principle that a court should not elevate form over substance but should construe a

summons liberally.' " *Id.* (quoting *In re Application of the County Treasurer & ex officio County*

*Collector*, 307 Ill. App. 3d at 355).

¶ 50        Here, the record contains a summons that states in the caption "NEW CAPITAL

HOME, INC." above the line for the "Plaintiff(s)" and "STEPHAN KOGUT, et al" above the

line for the "Defendant(s)." The record contains another summons that states in the caption, "NEW CAPITAL HOME, INC." above the line for "Plaintiff(s)" and "NATALIA KOGUT, et al" above the line for the "Defendant(s)." In the section in the caption for the "Address of Defendant(s)," the address of the property is listed. Underneath the captions, the summonses contain the header "Eviction Summons for Trial Before You Go To Court, You Must Pay Your Appearance Fee" under which it states: "The Plaintiff(s), named above, has/have filed a complaint in this Court to have you evicted. A true and correct copy of the complaint is attached." In the caption of the complaint, the "Unknown Occupants" are identified as defendants. Although the unknown occupants were not named in the captions of the summonses, the captions identified the address of the property as the address for defendants, and under the captions, the summonses referred to the attached complaint, which identified the unknown occupants as defendants in the caption. See *Lisle Savings Bank*, 2021 Il App (2d), ¶¶ 25-26 (where the defendant was not named in the caption of the summons, but under the caption it stated, "To each Defendant: see attached service list," the court found that these "words were sufficient to notify those named on the service list that they were defendants, and even a cursory inspection of the complaint served with the summons would confirm that that was the case"). Accordingly, under these circumstances, we find that the summons and complaint, which named the unknown occupants, sufficiently provided notice to the unknown occupants of the property that an eviction action for the property had been commenced.

¶ 51                                             Municipal District

¶ 52       Defendants contend that the circuit court located in the First Municipal District, in Chicago, erred in entering judgment because the case should have been before the court in the Third Municipal District, as the property is located in Prospect Heights, not Chicago.

¶ 53    The court in the First Municipal District did not err in entering judgment where the property at issue is located in the Third Municipal District. Initially, we note that, under section 5/2-104(b) of the Code, "[a]ll objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by the defendant on or before the date upon which he or she is required to appear***." 735 ILCS 5/2-104(b) (West 2020). Here, although defendants asserted in their petition that the case should have been filed in the Third Municipal District, they did not make a motion in the circuit court to transfer to a proper venue.

¶ 54    Further, the "circuit court of Cook County is a court of general jurisdiction" and has established divisions and districts to hear certain types of cases. *Fulton-Carroll Center, Inc. v. Industrial Council of Northwest Chicago, Inc.,* 256 Ill. App. 3d 821, 823 (1993); Cook County Cir. Ct. G.O. 1.2, 2.1 (Sept. 15, 2017); Cook County Cir. Ct. G.O. 1.2, 2.3 (May 2, 2011). However, "[t]he fact that the circuit court, for administrative purposes, has established divisions to hear certain types of cases does not affect its jurisdiction to hear all justiciable matters, and does not affect the power of any of its judges to hear and dispose of any matter properly pending in the circuit court." *Fulton-Carroll Center, Inc.,* 256 Ill. App. 3d at 823. Further, under the circuit court of Cook County general orders, actions for eviction and "for the recovery of property may be filed in the district where the property is located." Cook County Cir. Ct. G.O. 1.2, 2.3(d)(2) (May 11, 2011). However, under General Order No. 1.3(b), "[n]o action shall be dismissed and no judgment order or decree shall be vacated, set aside or invalidated because the action was filed, tried or adjudicated in the wrong department, division or district." Cook County Cir. Ct. G.O. 1.3(b) (Aug. 1, 1996). Accordingly, the court located in the First Municipal District did not err when it entered judgment on an eviction case where the property was located in another municipal district.

¶ 55        Lastly, we note that defendants rely on *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) to support their argument that the court in the First Municipal District erred in entering judgment because the property was located in the Third Municipal District. In *Suesz*, the United States Court of Appeals for the Seventh Circuit explained that the Fair Debt Collection Practices Act seeks " 'to eliminate abusive debt collection practices by debt collectors' " and abusive forum-shopping is one improper method of collecting consumer debts. *Suesz*, 757 F.3d at 638-39 (quoting 15 U.S.C. §1692(e)). However, in *Suesz*, the Seventh Circuit also stated that violating the venue provision in the Fair Debt Collection Practices Act (15 U.S.C. § 1692i) "would not undermine the validity of state court judgments in favor of a debt collector," but the violations "would provide the basis for federal remedies against the debt collector." *Id.* at 648.

¶ 56        Here, there is no evidence in the record that the eviction was filed in the First Municipal District in attempt at forum shopping. Even if it was demonstrated that plaintiff was engaged in forum shopping, *Suesz* is not persuasive, as a violation of the venue requirements in the FDCPA would provide the basis for federal remedies but would not invalidate the state court judgment. See *id.* The circuit court in the First Municipal District did not err in entering judgment.

¶ 57                                    III. CONCLUSION

¶ 58        In sum, the circuit court did not err when it denied defendants' section 2-1401 petition. For the reasons explained above, we affirm the circuit court's judgment.

¶ 59        Affirmed.